BRAUSER VS. THE NEW ENGLAND FIRE INSURANCE COMPANY.

*Garnishment of foreign corporation.*

1. Foreign corporations are liable to garnishment in this state, where they own property here, or the cause of action, in respect to them, arose here.
2. It is not necessary to state in the affidavit for garnishment, that such corporation owns property in this state, nor that the cause of action, in respect to it, arose here; but an affidavit in the usual form prescribed by statute, with the sheriff's certificate that he served a notice directed to A. B., agent for such corporation (naming it), upon A. B., the agent of the same, at &c., are *prima facie* sufficient.
3. An affidavit for garnishee process against "The New England Insurance Company," *held, prima facie* sufficient to show that the party garnished was a *corporation*—that fact being implied in the name.

APPEAL from the Circuit Court for *Racine* County.

In an action in said court against one Frahm, in which an attachment was issued against him, plaintiff made an affidavit that he believed the *New England Fire Insurance Company*, of Hartford, Ct., was indebted to Frahm, and procured service of said affidavit and a notice in garnishment addressed to J. B.

Rowley, as agent of said company, notifying him to appear &c., to answer under oath all such questions as should be put to him touching his liabilities as garnishee of said Frahm. The sheriff's return states that he served said notice and affidavit upon the defendant company, "by delivering to and leaving with John B. Rowley, the agent at Racine in said county, of said company, a true copy," &c. The plaintiff, having taken judgment against Frahm, filed the garnishee's answer (which denied any indebtedness to said Frahm), with a notice that he was not satisfied therewith; and thereupon the present action was docketed in said court, and afterwards the garnishee defendant appeared specially for that purpose, by attorney, and moved the court to dismiss the cause for want of jurisdiction, either of the subject matter or of said defendant. From an order denying this motion, defendant appealed.*

---

* Ch. 130, R. S., "Of proceedings against debtors by attachment," contains the following provisions: Sec. 34. "If the plaintiff, or some one in his behalf, shall make an affidavit stating he verily believes that any person (naming him) has property, credits, or effects in his hands or possession belonging to the defendant, or is indebted to the defendant, or that such person has property in his hands or possession belonging to either or any of the defendants, or that he is indebted to either or any of the defendants, in cases where there is more than one defendant, and shall deliver such affidavit to the officer having the attachment, if such officer cannot attach the property and get the possession thereof, he shall serve such affidavit upon such person or persons, by giving him or them a copy thereof, with a written notice to appear before a judge or a court commissioner, on some day to be specified in such notice, not less than six nor more than twenty days from the time of such service, to answer under oath all such questions as shall be put to him touching his liability as garnishee of the defendant in the attachment." Sec. 46. "A corporation may be summoned as garnishee by service of notice to appear and answer, upon the president, cashier, treasurer, secretary, or other agent or officer of the corporation upon whom a summons may by law be served in cases where an action is commenced against such corporation; and the answer of such officer or officers shall be taken and received as the answer of such corporation; and their attendance may be enforced in the manner provided in sections 36 and 37 of this chapter."

Ch. 72, R. S., "Of the incorporation of insurance companies," contains the following: "Sec. 16. All companies formed under this chapter, shall be deemed to be bodies corporate and politic, and may sue and be sued; and shall be subject to all laws relating to corporations, so far as the same shall be applicable." "Sec. 21. The provisions of this chapter are hereby declared binding on all insurance

*Fuller & Dyer*, for appellant:

Neither sec. 34 nor sec. 46, ch. 130, R. S., expressly names foreign corporations as liable to garnishee process. Wherever in the statutes it is intended to give the courts of this state jurisdiction over a foreign corporation, it is *expressly* given. No attachment could issue against the property of such a corporation but for the express authority given in subd. 6, sec. 2, ch. 130, R. S. It is only by virtue of a special statute that any suit can be commenced against such corporations. In the statutes relative to corporations (as in ch. 148), whenever the rights and liabilities of foreign corporations are sought to be established, they are expressly named. And in general, when statutes treat generally of parties, they are to be construed as applying to such as are within the limits of the state; and to reach foreign parties, special and exceptional provisions are required. The statutes relating to garnishee proceedings is to be strictly construed. *McQueen v. Middletown Man. Co.*, 16 Johns., 4; *Burnham v. Fond du Lac*, 15 Wis., 193; *Hill v. La Crosse & Mil. R. R. Co.*, 14 id., 291. Similar statutes in other states have been held not to apply to foreign corporations. 3 Pick., 302, note; *Tingley v. Bateman*, 10 Mass., 343; *Hart v. Anthony*, 15 Pick., 445.

*Adams & Hand*, for respondent, contended that from the following provisions of law it is clear that the legislature intended to confer upon foreign corporations the same rights and subject them to the same liabilities as domestic corporations, in respect to suing and being sued, except in certain specified cases: R. S., ch. 148, secs. 1, 2, 10; Laws of 1863, ch. 25; Laws of 1866, ch. 66; R. S., ch. 78, sec. 1; ch. 72, secs. 7, 16, 21; Laws of 1859, ch. 190, sec. 1; R. S., ch. 123, secs. 4, 5; Laws of 1859, ch. 91; R. S., ch. 124, sec. 10, subd. 1; ch. 130,

companies now, or which at any time hereafter may be, doing business in this state, *whether the same are foreign companies*, or companies organized under the provisions of this chapter, or under special charters, whether now existing or hereafter granted, so far as the same are applicable."

sec. 2, subd. 6, and secs. 34, 46, 61; Laws of 1864, ch. 200. 2. By the provisions of secs. 16 and 21, ch. 72, R. S., foreign insurance companies are put upon the same footing as domestic insurance companies in respect to suing and being sued. 2. The appellant, having appeared before the commissioner by its agent, and answered the interrogatories put to him, had waived any objection to the jurisdiction. By sec. 49, ch. 130, R. S., the answer of the garnishee on his examination is taken as the answer in the action against him.

DIXON, C. J. The language of the statute (sec. 46, ch. 130, R. S.) is sufficiently comprehensive to include foreign corporations, and to subject them to process of garnishment, in all cases where an original action may be commenced against them in the courts of this state to recover the debt in respect of which the process of garnishment is served; and we think the statute should be so construed, unless it can be satisfactorily established that the legislature did not intend a construction so obviously in harmony with the language employed. Actions against foreign corporations may be commenced in the courts of this state when they have property in this state, or when the cause of action arose therein. R. S., ch. 148, sec. 1. Certainly no good reason either of public policy or practical justice can be assigned, which could induce the legislature, in cases like these, intentionally to discriminate between foreign and domestic corporations, so as to exempt the former from liability to a process to which the latter is clearly liable. And most especially do we think this is true of foreign insurance companies, which, by several regulations of statute, are allowed to establish agencies and transact business in this state upon substantially the same basis and with the same rights as are enjoyed by insurance companies chartered or organized under the laws of this state. Nor are we aware of any principle of public policy or justice, upon which the legislature should dis-

tinguish between actions brought directly against foreign corporations for the recovery of a debt, and those in which they are indirectly brought before the court for the purpose of satisfying the demand of some third person. In both cases the inconvenience is the very same, and it is no more in the case of a foreign than a domestic corporation. We see no reason, therefore, why the legislature should discriminate in favor of foreign and against domestic corporations in regard to their liability to process of garnishment; but on the contrary, we think we can see very good reason why no such discrimination should be made; and consequently must hold, according to the plain language of the statute, that foreign corporations are subject to the process upon the same conditions as domestic corporations or natural persons, in all cases where direct actions may be instituted against them to recover the debts on account of which they are garnished.

But it is said that wherever, throughout the statutes, it is intended to give the courts of the state jurisdiction over foreign corporations or their property, such corporations are expressly named. This is a mistake. Many instances might be pointed out where the word " corporation," without any qualifying terms, signifies a foreign as well as a domestic corporation. It is sufficient to refer to sec. 1, ch. 148, R. S., above cited, where the authority to bring suits against corporations is given. The word occurs twice in that section, and is so manifestly applicable to all corporations, whether foreign or domestic, that it became necessary expressly to limit its application to the former by specifying the cases in which they might be sued.

This brings us to some questions as to the sufficiency of the affidavit and proceedings taken to charge the defendant as garnishee. It has been seen that an action can be commenced against a foreign corporation only when it has property within this state, or the cause of action arose therein. To maintain such

action, and give the court jurisdiction, one or the other of these things must appear. Neither is alleged in the affidavit. Nor does the affidavit state that the defendant is a corporation; but leave was given the plaintiff in the court below to amend it in that particular. The fact that it is a corporation is implied only from its name. And this, we think, is *prima facie* sufficient. If the defendant is not a corporation, as its name alone indicates, it is a matter within the knowledge of the agents or persons having charge of its business, and may be set up in the answer, if desired. And the same presumption, we think, exists as to the facts necessary to confer jurisdiction upon the court. The affidavit is in the usual form prescribed by statute in cases of garnishment, and charges that the *New England Insurance Company*, of Hartford, Conn., is indebted to the defendant in the principal action. The sheriff certifies that he served the notice directed to John B. Rowley, agent of the *New England Insurance Company*, of Hartford, Conn., upon John B. Rowley, the agent of the company at Racine, in the county of Racine, in this state. This is *prima facie* sufficient. If the company has no property in this state, or the cause of action, as against the company, did not arise here, those are matters of defense to be stated and shown by answer.

For an adjudication fully in point upon all the questions presented in this case, and under a statute in words almost the very same, we refer to *McAllister v. Pennsylvania Insurance Company*, 28 Mo., 214.

*By the Court.*—Order of the circuit court affirmed.