## RAINEY *v.* MAAS.

*(Circuit Court, N. D. Ohio, E. D. May, 1892.)*

GARNISHMENT—FOREIGN CORPORATIONS.

    Under Rev. St. Ohio, §§ 5532, 5534, a nonresident corporation, doing business in the state, and having a managing agent there, is subject to garnishee process, equally with a domestic corporation.

At Law. Action by W. J. Rainey against J. B. Maas, in which the Humboldt Iron Company was served with garnishee process. Heard on motion of the garnishee to discharge the proceeding against it. Denied.

*Sherman, Hoyt & Dustin*, for the motion.

*Carr & Dickey*, contra.

Before TAFT, Circuit Judge, and RICKS, District Judge.

TAFT, Circuit Judge. This is a motion by the Humboldt Iron Company, a garnishee, to dismiss the proceeding in garnishment against it on the ground that it is a foreign corporation, and not subject to garnishment or attachment under the laws of Ohio. It appears that the Humboldt Iron Company is a mining corporation, organized under the laws of Michigan, and doing business in that state; that it has an office in the city of Cleveland, where its directors and stockholders hold their meetings; that its record books and books of account are kept in Cleveland; that the product of its mines is shipped to and sold by said company in Cleveland, and that the proceeds are collected and distributed from its office in Cleveland; that a majority of the stockholders live in Cleveland; that only one of its directors lives in Michigan; that its president lives in New York, and that its secretary and treasurer, who was served with the garnishment, lives in Cleveland. The answer of the garnishee shows it to be indebted to the defendant in the sum of $35,000, which

debt was contracted in Ohio, and has been reduced to judgment in the common pleas court of Cuyahoga county. It also appears that suit was brought on this judgment by the defendant herein against the Humboldt Iron Company in Michigan; that the company pleaded the garnishment in the case at bar as a defense to a recovery by the judgment creditor; that, on demurrer to this defense, it was held bad by the Michigan court, on the ground that in Ohio a foreign corporation could not be made a garnishee.

The sole question presented here is whether a foreign corporation, having a managing agent and doing business in this state, can be garnished. The question is entirely dependent on the statutes. No doubt exists that the legislature might make any foreign corporation wishing to do business within this state subject to the service and binding force of such a process, exactly as it may require it, as a condition of its doing business here, to be subject to summons in a civil action.

Section 5530, Rev. St. Ohio, provides that when the plaintiff, his agent or attorney, makes oath that he believes that " any person, partnership, or corporation   *   *   *   has property of the defendant in his possession, describing the same, if the officer cannot get possession of such property he shall leave with such garnishee a copy of the order of attachment, with a written notice that he appear in court and answer, as provided in section 5547; and, if the garnishee does not reside in the county in which the order of attachment was issued, the process may be served by the proper officer of the county in which the garnishee resides, or may be personally served."

Section 5547, Rev. St., provides that within a certain time the garnishee " shall answer, under oath, all questions put to him touching the property of every description and credits of the defendant in his possession or under his control, and he shall disclose truly the amount owing by him to the defendant, whether due or not; and, in the case of a corporation, any stock therein held by or for the benefit of the defendant at or after the service of the notice."

Section 5532, Rev. St., provides that " the answer of the garnishee shall be made before the clerk of the court of common pleas of the county in which he resides, *or, if he resides out of the state, before the clerk of the court of common pleas of the county where he was served, or where the action is pending.* A special examination of the garnishee shall be had, and actions against him under section 5551 shall be brought in the county where he resides."

Section 5534 provides that, " if the garnishee is a person, the copy of the order and notice shall be served upon him personally, or left at his usual place of residence; if a partnership, garnished by its company name, they shall be left at its usual place of doing business; and, if a corporation, they shall be left with the president or other principal officer, or the secretary, cashier, or managing agent thereof; and, if such corporation is a railroad company, they may be left with any regular ticket or freight agent thereof, in any county in which the railroad is located."

Section 5538 provides that the garnishee shall stand liable to the plaintiff in attachment for all property of the defendant in his hands, and money and credits due from him to the defendant, from the time he is served with the written notice mentioned in section 5530.

Section 5533 provides that, if the garnishee admit an indebtedness to the defendant, and the court order the payment of the same, or any part thereof, to the plaintiff, and the garnishee fail to pay the same according to such order, execution may issue thereon as upon judgments for the payment of money.

Section 5551 provides that, if the garnishee fail to appear and answer, or if he appear and answer and his disclosure be not satisfactory to the plaintiff, or if he fail to comply with the order of the court to deliver the property and pay the money into court, "the plaintiff may proceed against him by civil action."

Persons who are nonresidents are subject to garnishee process if they are found and served within the state. This follows necessarily from the provision in section 5532 that, if the garnishee resides out of the state, he may make his answer before the common pleas clerk of the county where he was served or where the action is pending. The contention of counsel for the garnishee to the contrary was based on the decision of the supreme court of Ohio in *Squair* v. *Shea*, 26 Ohio St. 645, where it was held that no action could be brought against a nonresident served with garnishee process for failing to answer satisfactorily under section 218 of the old Civil Code of Procedure, (now section 5551, Rev. St.,) because under section 200 of the same Code (now section 5532, Rev. St.) it was provided that suits brought under section 218 must be brought in the county where the garnishee resided. The case was approved in *Railroad Co.* v. *Peoples*, 31 Ohio St. 537, where Judge BOYNTON says, (page 543:)

"And if the fact is that the garnishee is a nonresident of the state, exercising no corporate powers or functions within its limits, the conclusion would doubtless follow that the company is not within the class of persons or corporations that are made liable by that section (*i. e.*, section 200) to garnishee process;" citing *Squair* v. *Shea*, 26 Ohio St. 645.

The effect of these two decisions was that nonresidents were not subject to garnishee process in Ohio. But the decisions have no application to the statute as now worded. Section 200, as it was in force when the garnishee proceedings in *Squair* v. *Shea* and *Railroad Co.* v. *Peoples* were taken, did not contain the clause which the revised section, 5532, contains in reference to the clerk before whom nonresident garnishees should make their answer. The fact probably is that the decision of *Squair* v. *Shea* led the legislature of Ohio to amend section 200 so as to enable plaintiffs in attachment to garnishee nonresidents. For by act of the legislature, passed May 3, 1877, (74 Ohio Laws, 160,) section 200 is amended by adding the following:

"The above provisions shall apply only to garnishees resident of the state. Garnishees, nonresident of the state, shall be compelled to answer in the court in which suit is brought, and in the county where service is obtained."

Section 5532 is a mere revision of section 200, thus amended.

It certainly is not the general policy of the legislature to relieve foreign corporations doing business within this sovereignty of any burdens or liabilities imposed on corporations of its own making.

Having thus determined that natural persons, nonresident, are subject to attachment and garnishee process in Ohio, it remains for us to inquire whether the language requiring this is not to be construed as including also foreign corporations having a managing agent and doing business in Ohio. Under laws which do not permit the garnishment of nonresident natural persons it would be unreasonable to hold that general words subjecting corporations to garnishment included foreign corporations. But where nonresident natural persons may be garnished, on what principle should foreign corporations doing business in the state, and subject to suit, be exempted from garnishment?

A corporation resides in the state where it was chartered, and it is a nonresident of other states. It can only do business in another state by the permission of such state, and statutory provision for summons in a suit against a foreign corporation by service upon its managing agent is in the nature of a condition precedent to its doing business, which by doing business it accepts, rendering itself thereafter amenable to service in accordance with the statute. In Ohio, by section 5044, Rev. St., a summons against a corporation may be served upon the president, mayor, chairman, or president of the board of directors or trustees, or other chief officer; or, if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; "if a railroad company, whether foreign or domestic, upon any regular ticket or freight agent; if a river transportation company, whether foreign or domestic, upon a master of a steamboat, or upon its ticket or freight agent. Under section 5045, an insurance company may be served by summons served on its agent in any county where it has an agent. Under section 5046, when the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent. Now, it is evident that under these provisions a foreign corporation doing business in this state, and having a managing agent here, is as much subject to service as is a nonresident natural person. Such a corporation is "found" in this state as a natural person would be. But it is said that the care with which the process is expressly provided for serving foreign corporations *as defendants* makes the omission to expressly provide for serving them *as garnishees* most significant of the intention of the legislature to exempt them from such liability. We cannot accede to this argument. As the Code was originally framed, section 5534 only applied to domestic corporations. But the effect of the section, though itself unamended, has been changed by the subsequent amendment of May 3, 1877, above referred to, and now contained in section 5532.

Section 5534 says that, "if the garnishee is a person, the copy of the order and notice shall be served upon him personally, or left at his usual place of residence; * * * and, if a corporation, they shall be left with the president or other principal officer, or the secretary, cashier, or

managing agent thereof." We know that the effect of the amendment of May 3, 1877, is to make the first clause applicable to nonresident persons who are personally served. Why should it not be held that the second clause, by force of the same amendment, applies to foreign corporations having managing agents who may be served here? When, therefore, the legislature provided that garnishees, nonresident of the state, should be compelled to answer in the court in which the suit is brought and in the county where service is obtained, (section 200, as amended, 74 Ohio Laws, 160,) it obviously intended to make the then existing provisions of the statute for service of garnishment upon corporations applicable, as far as might be, to nonresident corporations, just as it intended to make the provision for service upon natural persons applicable as far as might be to nonresident natural persons. Section 5534 provides for a service of garnishee process upon a corporation by leaving the notice with its managing agent. Having regard to the method adopted to serve foreign corporations in suits against them under section 5046, the procedure under section 5534 is reasonably applicable to service of garnishment on foreign corporations, and, by force of the amendment of May 3, 1877, referred to, must be held to apply to them.

The conclusion we have reached is supported by a decision of Judge PECK, of the superior court of Cincinnati, in *Rocke* v. *Raney*, 15 Wkly. Law Bul. 333, and by the similar reasoning of courts in other states. See *Brauser* v. *Insurance Co.*, 21 Wis. 506; *McAllister* v. *Insurance Co.*, 28 Mo. 214; *Railroad Co.* v. *Crane*, 102 Ill. 249. The cases cited from Massachusetts,—*Gold* v. *Railroad Co.*, 1 Gray, 424; and *Danforth* v. *Penny*, 3 Metc. (Mass.) 564,—holding foreign corporations not subject to trustee process under the laws of that state, are not applicable here, because they are based on the fact that a natural person, nonresident, but found in the state, was not amenable to such process. *Tingley* v. *Bateman*, 10 Mass. 343; *Nye* v. *Liscombe*, 21 Pick. 263.

It is a hardship that the Michigan court has refused to recognize the validity of the garnishment in this case against the Humboldt Iron Company, but we do not see how that fact can affect our duty in the premises, which is to deny the motion to discharge the attachment.