Carpenter vs. McCord Lumber Co. and another.

CASSODAY, C. J., took no part.

CARPENTER, Respondent, vs. McCORD LUMBER COMPANY and another, imp., Appellants.

*September 27 — October 12, 1900.*

*Logs and lumber: Liens: Building logging railroad: Pleading: Alleging corporate existence.*

1. Under lien statutes services of almost any character which are performed as a part of, and as mere incidents in, the work for which a lien is given, are protected, although the same kind of services, performed independently of the lienable work, are not entitled to a lien.

2. Plaintiff performed labor for a railway company in building and keeping in repairs its railway, which was constructed for reaching and hauling all timber tributary thereto, including that of the defendant corporation, which railway was removed to reach other general regions of country only after the exhaustion of timber in that of its original construction. Logs of the defendant corporations were hauled out on such railroad, and plaintiff having taken the formal steps for establishing a lien under sec. 3329, Stats. 1898, conferring the right to a lien for "labor and services in cutting or hauling . . . logs, timber," etc., brought this action to enforce his claim for lien. *Held*, that he was not entitled to a lien for his services, the work of constructing or making general repairs upon the railroad being in no proper sense incidental to, or an integral part of, the hauling of the logs.

3. Failure to allege that a plaintiff or defendant is a corporation, and where incorporated, as required by sec. 3205, Stats. 1898, renders a complaint insufficient, and the defect may be reached by a general demurrer.

4. That a defendant sued as the McCord Lumber Company is intended to be sued as a corporation sufficiently appears from its name.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Appeal by the *McCord Lumber Company* and the *Soper Lumber Company* from an order overruling their joint general demurrer to the complaint, which alleges that the plaintiff and his assignors performed work in hauling certain logs at the employment of the Bayfield Western Railway Company, which logs belonged to the *McCord Lumber Company*, have now been sawed into lumber, and are located at West Superior, in Douglas county, and marked sold to the defendant the *Soper Lumber Company.* The specific work performed by plaintiff and his assignors was in grading, leveling, repairing, and building the logging railway of the defendant the Bayfield Western Railway Company, laying ties and rails, taking up ties and rails as soon as the timber tributary to said road had been cut and hauled, and relaying them in other places where the timber had not been hauled; the greater portion of the work so done was performed for the purpose of hauling out, and in the hauling out, of the above-mentioned logs, but other logs were also hauled during the same period. The formal steps for establishing a lien under sec. 3329, Stats. 1898, are alleged, and a lien claimed upon the lumber sawed from the *McCord Lumber Company's* logs, and now supposed to belong to the *Soper Lumber Company.* There is no allegation as to the corporate or other character of any of the three defendants.

For the appellants there was a brief by *Sanborn, Luse, Powell & Ellis,* and oral argument by *L. K. Luse.* They contended, *inter alia,* that the demurrer should have been sustained, because the complaint failed to allege the incorporation of defendants, or any of them. Bliss, Code Pleadings, §§ 246–260; *State v. C., M. & St. P. R. Co.* 4 S. Dak. 261; *Loup v. C. S. R. Co.* 63 Cal. 199; *People v. C. P. R. Co.* 83 Cal. 393; *Stanly v. R. & D. R. Co.* 89 N. C. 331; *Mechanics' Banking Asso. v. Spring Valley S. & L. Co.* 13 How. Pr. 227;

*First Nat. Bank v. Doying,* 13 Daly, 509; *National T. S. & P. House v. Anderson,* 2 N. Y. Supp. 49; *Oesterreicher v. Sporting Times P. Co.* 5 N. Y. Supp. 2; *Clegg v. Chicago Newspaper Union,* 8 Civ. Pro. Rep. 401; *Chandler v. Erie T. Co.* 19 Civ. Pro. Rep. 385. The plaintiff is not entitled to a lien upon the property described in the complaint. *Young v. French,* 35 Wis. 111; *Winslow v. Urquhart,* 39 Wis. 260; *Minton v. Underwood L. Co.* 79 Wis. 646; *Bradford v. Underwood L. Co.* 80 Wis. 52, 53; *Storm v. Cotzhausen,* 38 Wis. 139; *State ex rel. S. B. & L. M. S. C. & H. Co. v. Comm'rs,* 34 Wis. 166; *Purtell v. Chicago F. & B. Co.* 74 Wis. 132; *McAuliffe v. Jorgensen, ante,* p. 132; *Lohman v. Peterson,* 87 Wis. 227; *Glover v. Hynes L. Co.* 94 Wis. 457.

For the respondent the cause was submitted on the brief of *T. M. Thorson.* He contended, *inter alia,* that there is nothing on the face of the complaint to indicate that the defendants, or any of them, are corporations, and the court cannot assume such facts in aid of the demurrer. For aught that appears on the face of the complaint the defendants may be joint-stock companies, or partnerships, in which case no averment setting forth the character in which the defendant is sued is necessary. If the pleading is indefinite and uncertain in that regard, the statute provides an adequate remedy. *Irving Nat. Bank v. Corbett,* 10 Abb. N. C. 85; secs. 2612, 2668, 2829, 3210, Stats. 1898; *Phœnix Bank v. Donnell,* 40 N. Y. 410; *Bank of Havana v. Magee,* 20 N. Y. 355; *Rothschild v. Grand Trunk R. Co.* 14 N. Y. Supp. 807; *Adams v. Lampson C. S. Co.* 89 Hun, 127; *Second Nat. Bank v. Wells,* 53 How. Pr. 242; *Stanly v. R. & D. R. Co.* 89 N. C. 331; *South Yuba W. & M. Co. v. Rosa,* 80 Cal. 333; *Fulton F. Ins. Co. v. Baldwin,* 37 N. Y. 648.

DODGE, J. 1. The first and most important question raised by the demurrer is whether the services set forth are within the description of those for which sec. 3329, Stats. 1898, con-

Carpenter vs. McCord Lumber Co. and another.

fers a lien, namely, " labor or services in cutting or hauling
. . . logs, timber," etc.   This statute, it has been well
said, was passed for the protection of laboring men, who,
by reason of their exigences, are generally neither able to
investigate or insist upon the credit of their employers, nor,
without suffering, to endure the loss of the wages upon
which they depend for existence, and is therefore to receive
liberal construction.   The question of the character of serv-
ices to which it extends has received consideration in the
following cases in this state:  *Young v. French,* 35 Wis. 111;
*Winslow v. Urquhart,* 39 Wis. 260; *Minton v. Underwood
L. Co.* 79 Wis. 648; *Bradford v. Underwood L. Co.* 80 Wis.
50; *Glover v. Hynes L. Co.* 94 Wis. 457; *Kendall v. Hynes
L. Co.* 96 Wis. 661.

In *Young v. French* and *Winslow v. Urquhart* it was held
that a cook who, as one of a gang of men engaged directly
upon the logs, in the one case in cutting, and in the other in
driving, cooked the food for the others, was entitled to a lien
for his wages, the court saying in the latter case: "He per-
forms services in cutting and driving such logs within the
meaning of the statute, as much as those who use the ax, the
saw, or the team to the same end."   In *Bradford v. Under-
wood L. Co., supra,* claim for lien was made by one who con-
tracted with the contractor for log driving to supply board
to the latter's men.   The court held him not entitled to a
lien, for the reason that he was, in effect, "furnishing sup-
plies," which were denied a lien by express statute.   It was
said: "Only he who cooks the food for those employed to
do work upon the timber, where the provisions are supplied
by the employer, is given a lien."   This rule obviously would
have as well excluded the plaintiff's cook, who performed
the services, as it did exclude the plaintiff himself from lien.
In *Minton v. Underwood L. Co., supra,* plaintiff, who had been
one of the gang engaged in driving the logs, put in his last
day in gathering up the tools which had been used on the

drive. It was contended that this was not "labor in driving the logs." The court held that it was an essential part of the work of the drive, and that he was entitled to a lien therefor. In *Glover v. Hynes L. Co., supra*, plaintiff performed work for more than a month before a sawmill started in superintending the building of an addition to the mill and putting in the machinery. After the mill started, and the sawing of the lumber in question was begun, he continued to superintend the putting in of new machinery and the making of permanent improvements to the mill, and at the same time superintending the keeping of the machinery in the mill in repair when breakage occurred. He offered no evidence as to how much of the labor was of the one character or of the other. The court held that a portion at least of the labor was not protected by a lien, that the statute gives a lien only for labor and services performed in manufacturing the lumber, and it was the plaintiff's duty to show the amount of such labor and services. He therefore was denied any recovery. In *Kendall v. Hynes L. Co., supra*, plaintiff's labor was done in driving piles and building docks and tramways for permanent use in connection with the sawmill at which the lumber in question was sawed. Such structures were necessary to the business of manufacturing logs into lumber. It was held that for such work he was not entitled to lien. The court said: "We cannot so construe the statute as to include work done in the original construction of any part of a sawmill plant to be used in manufacturing logs into lumber, and caring for the manufactured product till moved off from the mill premises. The same rule applies to permanent improvements and necessary appurtenances to the sawmill property."

In Maine, under a statute much like ours, it was held that work about the camp in filing saws, repairing sleds, keeping time, and being generally useful was not within the designation of either "cutting, falling, or hauling." *Kelley*

*v. Kelley*, 77 Me. 135. In *Oppenheimer v. Morrell*, 118 Pa. St. 189, it was held that lumber furnished to a mason contractor knowingly for the purpose of scaffolds was not furnished "for or about the construction of the building." In *Basshor v. B. & O. R. Co.* 65 Md. 99, it was held that a stone crusher and conveyor furnished to a bridge contractor was not material furnished in or about the construction of the bridge, but was a supplying of the contractor with his plant. That distinction was approved and applied by this court in *McAuliffe v. Jorgenson, ante*, p. 132. In *Stewart-Chute L. Co. v. M. P. R. Co.* 28 Neb. 39, a lien was sustained in favor of one who furnished lumber to a railroad contractor, which lumber was in fact used for the building of the temporary shanties and stables for the protection of his men and horses while performing the work. The court held that it was incidental to, and a part of, the work of construction. In *Proulx v. Stetson & P. M. Co.* 6 Wash. 478, some of the lieners, belonging to a gang of men employed through the season by one who had contracted to cut and haul the logs to water, were engaged part of the time in clearing roads over which the logs were so hauled. It was held that the work was entitled to lien, as being done under the terms of their statute, in "assisting in obtaining or securing saw logs." In *Duggan v. Washougal L. & L. Co.* 10 Wash. 84, the plaintiffs, with others, constituted a driving gang, and in the course of driving the logs found it necessary to blast out rocks in the river. Such service was held lienable under the same statute. Other work was held too remote from the work of "assisting in obtaining or securing logs," such services being rendered under the employment of the contractor in opening a road which had been laid out by the county commissioner, such opening being done in order to make it practicable for the teams in hauling supplies for the camp. No logs were hauled over this road, and it was not intended to be used for that purpose. The

court said: "We think we went as far as we should in the direction of sustaining liens for roadbuilding in the *Proulx Case, supra.*

The general rule of demarkation which fairly results from the cases thus far decided, and which will effectuate the legislative purpose, liberally construed, may be stated to be that services of almost any character which are performed as a part of, and as mere incidents in, the work for which a lien is expressly given, should be protected, although the same kind of services, performed independently of the lienable work, are not entitled to lien. Thus, an axman is none the less engaged in cutting or felling timber or logs while replacing a broken ax helve, and probably the detailing of one of the cutting gang to the doing of such work for all the others would not exclude him from the category of those engaged in cutting or felling. On the other hand, one employed out of the logging season, and not in connection with any logging job, to put in repair generally his employer's axes, could not fairly be said to have performed services in felling all the timber which might be cut thereafter with those axes. Such a latitudinarian construction would logically extend liens to the men who make the axes or the wagons which may be sold to the logger, and could hardly stop short of those who forge the steel or even mine the ore therefor. Of course, such an interpretation would be absurd, and, instead of being liberal to those whose labor actually produces the logs or lumber, would defeat their security, by burdening the product of their labor with liens to more than exhaust its value.

Another limitation which is already quite well established by our own decisions is that expressed in *Basshor v. B. & O. R. Co.* 65 Md. 99, and in *Kendall v. Hynes L. Co.* 96 Wis. 661, namely, that services rendered in preparation, improvement, or permanent repair of a plant with which the lienable work is to be done are not a part of that work.

Carpenter vs. McCord Lumber Co. and another.

It is entirely apparent that the services of the plaintiff and his assignors, within the views above suggested, were not done in hauling the logs in question. The complaint is to be liberally construed, but at the same time reasonably. Therefrom it appears that plaintiff worked for defendant railway company in building and keeping in repair its railway, which was constructed for reaching and hauling all the timber tributary thereto, not the *McCord Lumber Company's* timber alone, but any other as well, and which railway was removed to reach other general regions of country only after exhaustion of timber in that of its original construction. That railroad obviously had all the characteristics of a plant or establishment with which defendant railway company equipped itself in order to perform the work of hauling logs generally. The work of constructing it or making general repairs upon it was in no proper sense incidental to, or an integral part of, the hauling of logs, any more than was the repairing of the mill a part of the sawing in *Kendall v. Hynes L. Co.*, *supra*. This situation sufficiently appears by the complaint, and the demurrer thereto should not have been overruled.

2. Another defect or insufficiency pointed out as ground of general demurrer is that the complaint fails to allege that the appellants are or either of them is a corporation, and, if so, where incorporated, in compliance with sec. 3205, Stats. 1898. That statute provides: "In an action by or against a corporation the complaint must aver that the plaintiff or defendant, as the case may be, is a corporation. If it was incorporated under the law of this state, that fact must be averred; if it was not so incorporated, an averment that it is a foreign corporation is sufficient." That the appellants are intended to be sued as corporations sufficiently appears from their names. *Brauser v. New England F. Ins. Co.* 21 Wis. 506. That being so, the complaint fails to comply with the requirement of the statute. How such in-

Carpenter vs. McCord Lumber Co. and another.

sufficiency should be raised may be matter of some doubt. Certainly, however, an objection by reason thereof ought to be possible before a defendant is required to answer on the merits. The decisions in the Practice Reports of New York upon a similar statute are far from harmonious as to whether motion or general demurrer is the proper method. This court has never decided the question. It is therefore before us for an original one. Upon full consideration, we have determined that the legislative purpose will be best subserved by taking the statute according to its letter, and holding that, in case of a suit by or against a corporation, the fact of incorporation, either under the laws of this state or under the laws of some other government, must be alleged, and that a complaint which fails to comply with this requirement does not state the facts necessary to constitute a cause of action, and is therefore obnoxious to a general demurrer on that ground. So construing the statute, we must hold the present complaint insufficient for want of the averments as to incorporation of the appellants, and for that reason also demurrable.

*By the Court.*— The order of the circuit court is reversed, and the action remanded with directions to sustain the demurrer of the appellants.

CASSODAY, C. J., took no part.