STATE EX REL. GREEN BAY GAS & ELECTRIC COMPANY, Appellant, vs. MINAHAN BUILDING COMPANY, Respondent.

*October 26, 1909—February 1, 1910.*

Quo warranto: *Action against corporation: Pleading: Alleging corporate existence: Statute construed: Who may maintain action: "Private party."*

1. In an action of *quo warranto*, brought under sec. 3466, Stats. (1898), to oust the defendant from the exercise of a franchise under a pretended city ordinance, a complaint alleging that defendant "is a pretended corporation purporting to have been organized on the 11th day of February, 1907, having its location and place of business in the city of Green Bay;" that acting under pretended authority purported to be conferred by the articles of incorporation and its charter it has assumed to act as a corporation duly organized; that so acting it procured the passage of an ordinance by the city of Green Bay conferring a franchise upon it; that it accepted said pretended ordinance and pretended franchise, and claims to have the right and authority

State ex rel. Green Bay G. & E. Co. v. Minahan Bldg. Co. 141 Wis. 400.

conferred thereby; and that such ordinance and franchise are void,—is insufficient because it does not aver that defendant is a corporation, as required by sec. 3205, Stats. (1898), and does not state facts from which the court can find that it is a corporation. MARSHALL, J., dissents.

[2. Whether a statement of facts showing corporate existence, without a direct averment thereof, would be a sufficient compliance with sec. 3205, Stats. (1898), not determined.]

3. A public utility corporation is a "private party," within the meaning of sec. 3466, Stats. (1898).

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining a demurrer to the complaint for want of facts sufficient to constitute a cause of action. The complaint alleges substantially that the relator is a public utility corporation duly organized under the laws of Wisconsin and owning and operating a gas, electric light, and power plant, having its principal office in Green Bay, Wisconsin, and engaged in the business of furnishing gas and electric current for lighting, power, and other purposes to the city of Green Bay and its inhabitants, and as such is a freeholder and taxpayer in said city; that the defendant "is a pretended corporation purporting to have been organized on the 11th day of February, 1907, having its location and place of business in the city of Green Bay;" that a copy of its articles of incorporation is attached to and made a part of the complaint; that, acting under the pretended authority purported to be conferred by the articles of incorporation and its charter, it has assumed to act as a corporation duly organized and as such to purchase and own real estate in the city of Green Bay and to construct, lease, and own a six-story office and store building, and asserts its power and intention to continue so to do; that defendant, acting under said pretended authority, filed with the city clerk of the city of Green Bay an application for a franchise to construct, operate, and maintain conduits in the streets within a limited district in the

business portion of said city and to furnish to the citizens of Green Bay electric current for light and power purposes, hot water, steam, and air; that a copy of the proposed ordinance was filed with the city clerk; that such application was not published as required by law and was never published in whole or in part; that after the filing of said application and copy of ordinance with the city clerk the council changed and amended the same, and as so amended passed an ordinance granting certain rights to the defendant; that said ordinance was approved by the then mayor of the city of Green Bay, and thereafter the defendant filed with the city clerk its written acceptance of said pretended ordinance and the pretended franchise purporting to be granted thereby; that thereafter defendant installed in the basement of its office and store building an electric plant and equipments for the generation of electricity for light, power, and heat, and a plant and equipments for the production and distribution of steam, air, hot water, and other products, and began to excavate and erect in the streets trenches, conduits, wires, poles, pipes, and appliances; that defendant owns said franchise purported to be granted by said pretended ordinance, and claims to have the right and authority attempted to be conferred upon it thereby, and is using and occupying a portion of the streets and alleys thereunder; that the stockholders of defendant are the Minahan family, one of whom at the time of signing the ordinance was the mayor of the city of Green Bay and was directly and indirectly interested in the defendant company and its property, whereby said pretended ordinance and franchise was and is null and void; that the relator applied to the attorney general to bring this action against the defendant to oust it of its pretended and alleged powers and privileges; that the attorney general refused; and that the relator gave bond to the state of Wisconsin to protect it against damages and costs by reason of bringing this action, which bond was approved by the attorney general.    The complaint sets out at length other

matters not material to this appeal, and concludes with the following prayer:

"Wherefore plaintiff prays that defendant be required to show cause by what authority it holds and exercises said pretended ordinance and franchise and the rights and privileges purported and attempted to be conferred thereby upon it, and that, in default of so showing cause, defendant be adjudged guilty of unlawfully holding and exercising the same, and that it be ousted and excluded therefrom, and that plaintiff recover the costs and disbursements of this action.

For the appellant there were briefs by *Greene, Fairchild, North & Parker,* and oral argument by *B. L. Parker.*

For the respondent there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.*

The following opinion was filed November 12, 1909:

KERWIN, J. It appears from the opinion of the trial judge sustaining the demurrer that it was sustained on the ground that the complaint does not state that the defendant is a corporation—only that it is a "pretended corporation,"—and that no other attack was made upon the complaint in the court below. The contention of the appellant here is that, since the facts are stated from which the court can determine that the defendant is a corporation, the corporate existence is sufficiently alleged to meet the calls of sec. 3205, Stats. (1898), which provides that in an action by or against a corporation the complaint must aver that the plaintiff or defendant, as the case may be, is a corporation, and, if organized under the laws of this state, that fact must be averred, and, if not so incorporated, an averment that it is a foreign corporation. In *Carpenter v. McCord L. Co.* 107 Wis. 611, 83 N. W. 764, this court sustained a demurrer to the complaint because of lack of such averment and said:

"That the appellants are intended to be sued as corporations sufficiently appears from their names. *Brauser v. New England F. Ins. Co.* 21 Wis. 506. That being so, the complaint fails to comply with the requirements of the statute."

State ex rel. Green Bay G. & E. Co. v. Minahan Bldg. Co. 141 Wis. 400.

We do not find it necessary to determine whether a statement of facts showing corporate existence would not be a sufficient compliance with the statute. Here we think the pleading falls short of direct averment of all the facts necessary to show corporate existence. On the contrary, the allegation that the defendant is a "pretended corporation" at least raises the implication that it is not a corporation. It is difficult to see how the defendant could be a "pretended corporation" and at the same time a real corporation. In other words, the allegation that defendant is a pretended corporation at least implies that it is not the thing it pretends to be.

Moreover, the complaint is wanting in full statement of all the material allegations necessary to show the creation of a valid corporation, and especially in face of the positive allegation that it is a "pretended corporation." Besides, there is no allegation that the articles of incorporation or a copy thereof duly certified as required by subd. 7, sec. 1772, Stats. (1898), was filed with the secretary of state, or that a verified copy and certificate of the secretary of state showing date when such articles were filed and accepted by the secretary of state, with the date, was left or filed with the register of deeds of the county in which said corporation is located, or that any certificate of incorporation or charter was ever issued, but merely that the defendant was acting under the "pretended authority purported to be conferred by its said articles of incorporation, and by its corporate charter defendant has assumed to act as a corporation duly organized."

It is clear from the allegations of the complaint that the plaintiff has not only failed to aver that defendant is a corporation, but has failed to allege all the facts from which the court could find that it is a corporation, and has directly alleged that it is only a pretended corporation, so on no theory has the statute requiring corporate existence to be alleged been complied with. It was necessary for plaintiff to show that some person natural or artificial was before the court as de-

fendant. No natural person has been sued and no artificial person, because the defendant does not appear to be a corporation—only a pretended córporation. We do not regard it necessary to discuss cases cited by appellant from other jurisdictions upon the question, because we agree with the court below that the case is ruled by our statute referred to and the decision of this court under it. ' Counsel, however, cite to our attention *State ex rel. Weinsheim v. Leischer,* 117 Wis. 475, 94 N. W. 299, as supporting their contention. But in that case it will be seen that the distinction is clearly made between an action brought against a legal corporation which has usurped franchises which it does not possess, and a case where the alleged corporation is not one in fact and the object of the action is to procure a judgment declaring it to have no legal existence. It is clear from the complaint here that the action is not brought to procure a judgment declaring that defendant has no legal existence, but because it holds and exercises a pretended ordinance and franchise and the rights attempted to be conferred. Secs. 3466, 3240, 3241, Stats. (1898); *Independent O. of F. v. United O. of F.* 94 Wis. 234, 68 N. W. 1011. Counsel for appellant in their brief state that the action is brought under sec. 3466, Stats. (1898).

It was further argued in this court that the action was not well brought because the relator is not a "private party" within the meaning of sec. 3466, Stats. (1898). While the relator may be said to be in its nature *quasi*-public because subject to supervision by the public, it is nevertheless private as regards its property rights. *Eastern Wis. R. & L. Co. v. Hackett,* 135 Wis. 464, 115 N. W. 376, 1136, 1139; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900; *State ex rel. Vilter Mfg. Co. v. M., B. & L. G. R. Co.* 116 Wis. 142, 92 N. W. 546; *State ex rel. Northern Pac. R. Co. v. Railroad Commission,* 140 Wis. 145, 121 N. W. 919; *Interstate Comm. Comm'n v. Chicago G. W. R. Co.* 209 U. S. 108, 28 Sup. Ct. 493.

We think the plaintiff is a private party under sec. 3466, Stats. (1898), but that the complaint states no cause of action, and therefore the order below must be affirmed.

*By the Court.*—Order appealed from is affirmed.

Marshall, J. (*dissenting*). The complaint should be viewed in the light of that liberal rule, so beneficial in the administration of justice, and which distinguishes our Code system from that of the common law with its multitude of obstructing technicalities. By such rule, if the complaint "in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if a good cause of action can be gathered from it, it will stand, however inartificially these facts may be presented, or however defective, uncertain, or redundant may be the mode of their statement." *Morse v. Gilman,* 16 Wis. 504. It "should have the support of the most liberal construction which its language will reasonably bear, and all reasonable inferences that can be drawn therefrom." "That effect should be given to all allegations of a pleading which will support rather than defeat it, if that can be done without adding thereto, by way of construction, material words not necessarily implied, or giving to the language used a meaning that cannot be reasonably attributed to it." "Every pleading is to be so construed as to support the purposes of the pleader to state a cause of action, if the facts essential thereto can be found expressly stated or alleged by reasonable inference. . . ." *Emerson v. Nash,* 124 Wis. 369, 380, 381, 102 N. W. 921, 926. Again, "if sufficiency can be discovered, reasonably, by judicial construction of the language used and by reasonable inferences from general allegations," that is sufficient. *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 427, 84 N. W. 159, 162.

The foregoing are but a few of the many significant illustrations of the great, and by no means too great, length to which the Code rule has been extended. It is no longer suffi-

cient to condemn a pleading, that the pleader failed to state definitely a cause of action, or even failed utterly, to state the precise cause of action he intended. If he states sufficient— viewing the language used as broadly as practicable within reason and looking at all facts stated expressly, construing the words most favorably to the pleader, and those fairly suggested to exist by reasonable inference—for a cause of action within the jurisdiction of the court as between the parties to the litigation, that is sufficient on general demurrer.

The following are additional illustrations, going, perhaps, beyond what is necessary for the purpose of this case: Where a fact is alleged to have been duly done, all things essential to the efficiency of the thing expressly stated are to be deemed by reasonable inference to be also alleged to have occurred. *Lehr v. Murphy,* 136 Wis. 92, 98, 116 N. W. 893. Where a particular intent is necessary to make out an actionable wrong, a statement of acts, suggesting, reasonably, that the purpose thereof was to accomplish such essential, is sufficient. *Klipstein v. Raschein,* 117 Wis. 248, 250, 251, 94 N. W. 63. Where, from the general scope of a complaint, it shows that the right sought to be vindicated is of a public character so that the plaintiff might properly maintain a general bill on behalf of himself and all persons similarly interested, the complaint should be sustained as of that character, reading out of it, by reasonable inference, the ordinary allegation on the subject, even if such allegation is entirely omitted from the pleading and plaintiff does not, by the title, suggest that it is brought otherwise than for himself. *Cawker v. Milwaukee,* 133 Wis. 35, 113 N. W. 419.

The question here is, Does the complaint allege, sufficiently, that defendant is a corporation? The statute makes such a statement obligatory. Sec. 3205, Stats. (1898). This court in *Carpenter v. McCord L. Co.* 107 Wis. 611, 618, 83 N. W. 764,—while conceding that whether a failure to so allege, in the circumstances of such a case as this, can be raised by a

general demurrer, is in much confusion in New York, from which the statute was borrowed, and had not been decided here prior to 1890, although the statute was then twenty years old,—decided that it was best to hold substantially to the letter of the statute. The change in the statute to its present form was made on the suggestion of the revisers in 1878. It consists of a substantial adoption of the New York statute. (See Revisers' Note to section.) Prior thereto the mere designation of the party by a name suggesting corporate existence was sufficient. *Brauser v. New England F. Ins. Co.* 21 Wis. 506. The change was made solely to render certain the purpose of the pleader instead of leaving it in any uncertainty.

The history emphasizes the rule requiring a broad reasonable construction of a pleading as to the particular matter in hand. That is, the purpose of the statute being to deal merely with matters of certainty which, ordinarily, are corrected on motion, there should be uncertainty so great that, after resolving all reasonable doubts in favor of the pleading, we cannot yet read out of it a statement of corporate existence, before condemning it on general demurrer, following the rule in the *Carpenter Case.* The statute does not require the averment of corporate existence to be in any particular words. If it is reasonably in the pleading at all, that is sufficient.

Now keeping the foregoing prominently in view, let us briefly examine the pleading.

The name of the defendant in the title suggests corporate existence, as before indicated. That is not without significance. While we must now find such existence in the averments, instead of in the title, the latter throws some light upon the former as regards what is reasonably inferable therefrom. It is as true now as when the *Brauser Case* was decided that the name, *prima facie,* shows that the defendant is in fact a corporation. Were it not for the statute requiring something more than a *prima facie* showing, that would be sufficient.

The second significant circumstance, shown by the pleading.

is that the action was not brought to judicially destroy an existing corporation, since such an action is only proper by leave of this court. Sec. 3241, Stats. (1898). It was brought clearly, as counsel for appellant suggest, under sec. 3466, Stats. (1898). So it is easily inferable from the pleading that defendant is a person (and as such consistent with the name, necessarily, a corporation), unlawfully exercising a franchise, and referable to subd. 1, or an association or number of persons acting as a corporation without having been duly incorporated, and referable to subd. 3. By reference to the title it is much more reasonable to infer that it is under the former than the latter. The general purpose, quite apparent, as is suggested in the court's opinion, is to prevent the defendant from exercising a franchise granted to it by the city, instead of the franchise to be a corporation, granted by the state direct. That gives much weight to the stated preferable inference.

The third significant circumstance is, that the defendant is alleged to be located at Green Bay, in this state. It could have no such location, in a legal sense, unless whatever there is of corporate existence be referable to the laws of this state; in other words, unless, if it be a corporation at all, it is at least a *de facto* domestic corporation. That is made plain by the fact that the defendant is referred to, over and over again, as if it were at least a *de facto* corporation, and as having articles of organization *and a "corporate charter,"* and a copy of the articles of incorporation is made part of the complaint, indicating compliance with the statutes of this state.

The fourth significant circumstance, appearing in the pleading, is that, as stated, the defendant is alleged to have a "corporate charter," separate and distinct from its articles of incorporation, and that the word "pretended," though used adjectively as to the articles and corporate existence, is not as to such charter.

Now since the words "corporate charter," plainly, do not

State ex rel. Green Bay G. & E. Co. v. Minahan Bldg. Co. 141 Wis. 400.

refer to "the articles of incorporation," they must point to some final instrument which may, by itself, or with the articles, be dignified by the characterization "corporate charter."

Sec. 1772, Stats. (1898), as amended by ch. 507, Laws of 1905, provides that the corporate articles, or a duly verified copy, shall be filed with the secretary of state, and a like verified copy be recorded in the office of the register of deeds of the county in which the corporation is located, and that the corporation shall not have legal existence until the articles are so left with the register. It is not clear that such existence dates from the time of such leaving. The reasonable inference is to the contrary; that the statutory idea is not corporate existence from and after the time the articles are left with the register of deeds, but that it will not wait, necessarily, for the recording, but only upon issuance by the secretary of state of the "certificate of incorporation." The statute requires the register, not any one representing the proposed organization, upon receiving the certified copy for record to "forthwith transmit to the secretary of state a certificate" showing the fact of such leaving. "Upon receipt of such certificate" it is made the duty of such secretary to *issue a certificate of incorporation.*" The idea seems to be that upon such issuance corporate existence shall commence, notwithstanding the articles may not yet have been recorded. So the certificate, or it and the recorded and filed articles, may well have been, and in all probability were, averred to be the corporate charter, and, under the rule in the case cited in the opening part of this opinion, the averment of the issuance of the charter should be regarded as an averment, inferably, of all steps requisite to such issuance and to corporate existence.

In view of the foregoing, the mere fact that the pleader spoke of the corporation as "pretended" does not seem to be of much consequence. The complaint, as a whole, seems, quite clearly, to merely use the term "pretended" with reference to the ordinance of the city granting a franchise to the defendant

and its right under its "corporate charter" (not pretended corporate charter) to exercise the franchise. That is made quite plain by the fact that the prayer for relief goes to that franchise and the claim of right to exercise it; not to corporate existence.

In view of the foregoing it seems, corporate existence can easily be read out of the averments by the liberal rules we have referred to, and that the order appealed from should be reversed.

A motion for a rehearing was denied February 1, 1910.