HAYES MOTOR TRUCK WHEEL COMPANY, Appellant, vs. · WOLFF and others, imp., Respondents.

*November 17—December 13, 1921.*

*Partnership: Persons operating under corporate name: Liability if not incorporated: Winding up partnership: Participation by creditors: Actions against individual partners.*

1. Persons doing business under a corporate name pursuant to a recorded trust agreement relieving them from liability, but ,without being incorporated, and not holding themselves out as doing business under such agreement, were individually liable as partners for the debts of the concern contracted while they were partners therein.
2. A receiver appointed to settle the affairs of a partnership upon the application of one of the partners does not represent creditors, and they may file their claims, receive a dividend, and later, in separate actions, have recourse to the assets of individual partners.

APPEAL from a judgment of the circuit court for Racine county: W. B. QUINLAN, Judge. *Reversed.*

Action to recover the purchase price of a certain number of truck wheels sold to the defendants, who it is alleged were doing business as copartners under the name of the Ton-A-Ford Truck Company. The answers denied that defendants were copartners and alleged they were operat-

ing under a certain trust agreement duly recorded in the office of the register of deeds of Racine county, under which agreement they were relieved from personal liability.

The trial court found that defendants were copartners; that they were not operating under the trust agreement, and that plaintiff had no notice of the same, and that all the appealing defendants were holders of certificates of stock in the company at the time the indebtedness was incurred. Plaintiff was a foreign corporation and the sale was made through correspondence. At the bottom of the second letter sent plaintiff, in small print, was this clause:

"All statements or agreements contained in this letter are contingent on strikes, accidents, fires, or any other causes beyond our control, and all contracts are subject to approval by the signature of a duly authorized officer of this company, and the officers or shareholders assume no personal liability."

The trial court also found:

"That the said Ton-A-Ford Truck Company became largely indebted to various parties; that the defendant Harry J. Sanders, on the 6th day of September, 1917, instituted proceedings in the municipal court of Racine county asking for the appointment of a receiver to wind up the affairs of the so-called Ton-A-Ford Truck Company; that a receiver was appointed who took charge of the assets of the company and sold the same; that due notice was given to the various creditors of the company, and a large number of claims, aggregating 120 in number, were filed in the receivership proceedings; that the plaintiff filed its claim 15th day of February, 1918, being represented by counsel; that the assets of the so-called Ton-A-Ford Truck Company were disposed of and a first and final dividend was distributed to each of the creditors who had filed claims and thereupon the said receiver was discharged; that the plaintiff duly received its dividend out of the receivership proceedings; that the said plaintiff made no effort to bring into the liquidation proceedings any of the assets of the defendants; that said liquidation was closed and the said plaintiff made no appeal therefrom nor filed any objection to the closing thereof."

In addition to this finding of the trial court it appears from the complaint filed in said action, sent us pursuant to a stipulation of the parties, that the action was not brought on behalf of creditors. On the contrary, the complaint prayed that creditors be enjoined from prosecuting any claims against the company during the pendency of the action. The complaint also designated the shareholders in the trust agreement as copartners.

As conclusions of law the court found:

"1. That said so-called trust agreement constituted all the defendants above named, and all those receiving so-called shares or certificates of stock in said Ton-A-Ford Truck Company, copartners, and that at the time of the delivery of said merchandise by said plaintiff all of said defendants, excepting only the defendant Silver Iron & Steel Company, were in fact copartners in said enterprise.

"2. That the printed clause at the bottom of the letter of said defendants signed 'Ton-A-Ford Truck Company,' under date of January 11, 1917, in no manner limits or affects the liability of said defendants as copartners for the payment of said merchandise delivered by said plaintiff.

"3. That the plaintiff, by filing its claim in the municipal court at Racine county, Wisconsin, and participating in the proceedings and accepting and receiving the dividend without having recourse in said proceedings to the individual property of the alleged partners, has lost the right to recover in this action, and that said proceedings in municipal court constitute a bar to the plaintiff's right of recovery herein.

"4. That the defendant Silver Iron & Steel Company is not in any way liable to the plaintiff because it did not become the owner of any stock nor did it become interested in the so-called Ton-A-Ford Truck Company until after the indebtedness sued upon in this action accrued.

"5. That the defendants who have appeared in this action are entitled to judgment herein dismissing the plaintiff's complaint with costs."

From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Hand & Quinn,*

attorneys, and *Fulton Thompson,* of counsel, all of Racine, and oral argument by *E. B. Hand.*

For the respondents there was a brief by *Gittings, Janecky & Wilbershide,* attorneys for *Roy A. Spencer, James Hoffman,* and *Peter B. Johnson;* by *Guy A. Benson,* attorney for *Eina Beck, Miller Peterson,* and *Albert L. Flegel,* and by *Elmer E. Gittins,* attorney for *Fred W. Plath;* and the cause was argued orally by *Leonard P. Baumblatt* and *A. R. Janecky,* all of Racine.

VINJE, J.    The trial court correctly concluded that the defendants were copartners so far as the plaintiff's claim was concerned, for, conceding the validity of the trust agreement, they never held themselves out as doing business thereunder.    It is therefore not necessary to set out the terms thereof nor to pass upon its validity.    The clause quoted from their letter would indicate that the Ton-A-Ford Company was a corporation, for in *Carpenter v. McCord L. Co.* 107 Wis. 611, 83 N. W. 764, it was held that a defendant sued as the McCord Lumber Company was intended to be sued as a corporation sufficiently appeared from its name. Here we not only have a corporate name but the letter speaks of the officers and shareholders of the company.    But defendants were not incorporated, and since they did not hold themselves out as operating under a trust agreement they were as to plaintiff copartners individually liable for the debts of the concern contracted while they were partners thereof.    *Bartelt v. Smith,* 145 Wis. 31, 129 N. W. 782.

It remains to consider whether or not the trial court correctly held that plaintiff could not maintain the action because it had filed its claim in the municipal court and received a dividend thereon in the action begun by one of the partners, Harry J. Sanders, and had not further prosecuted its claim in that action.    The trial court seems to have regarded that action as a creditor's action, and its findings of fact were not sufficiently definite to fully and truly charac-

terize it, though the findings and testimony did not show anything further than a winding-up action between partners. That such was the nature of the action became certain by the complaint therein, submitted by stipulation. It appears therefrom not only that it was not brought on behalf of creditors, but that it prayed for an order restraining them from prosecuting their claims therein. Under such circumstances they may file their claims, receive a dividend, and in separate actions have recourse to the assets of the individual partners, for in the partnership action to wind up its affairs the receiver occupies the same relation to the creditors that the firm did before his appointment. The rule is thus stated in High, Receivers (4th ed.) p. 704:

"Where, however, the receiver is appointed for the settlement of the affairs of a partnership, not at the instance and for the benefit of creditors but upon the application of one of the partners against the other, such receiver is in no sense a representative of the creditors of the firm and he accordingly occupies no better position than the firm with respect to its property, and he can assert no greater right or title with reference to the business and property of the partnership than could the members of the firm themselves."

He does not represent the creditors. *Weber v. Weber,* 90 Wis. 467, 63 N. W. 757. Since they are not parties to the action they cannot marshal partnership assets therein, and the fact that they have received a dividend does not bar them from recourse to the liability of the individual partners. The trial court, therefore, erred in holding that plaintiff was barred by filing its claim in the municipal court action and in failing to further prosecute its claim therein against the partners.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.