JOHN, Respondent, vs. FLANNER COMPANY, Appellant, and JOHN D. MYLREA, Receiver, Interpleaded Defendant and Appellant.

*April 10—May 9, 1933.*

*V. J. O'Kelliher* of Oconto, for the appellant.

For the respondent there was a brief by *George Hoxie* of Gillett and *Allan V. Classon* of Oconto, and oral argument by *Mr. Classon.*

FOWLER, J. Were the present statute the same as a former statute applicable to certain counties, it would seem that the plaintiff would be entitled to his lien. *Hogan v. Cushing,* 49 Wis. 169, 5 N. W. 490. Ch. 95, Laws of 1877, provided that:

"Any person, company or corporation that may do or perform any labor or services in cutting, hauling, . . . or for any other labor or services performed upon any logs, lumber or timber, . . . and for cooking for laborers thereon, and for hauling supplies for men or teams, . . . shall have a lien thereon for the amount due for such labor, cooking, hauling, and services, and the same shall take precedence of all other claims thereon."

It seems to have been considered or at least assumed by this court in *Edwards v. H. B. Waite L. Co.* 108 Wis. 164, 84 N. W. 150, and *Carpenter v. McCord L. Co.* 107 Wis. 611, 83 N. W. 764, that sec. 3329, Stats. 1898, should be given the same construction as was given to the statute involved in the *Hogan Case.* The words "company or corporation" were not in the statute involved in these cases. Sec. 3329, Stats. 1898, provided that:

"Any person who shall do or perform any labor or services in cutting, hauling, . . . felling, (or) piling, . . . into lumber or timber any logs (or) pulp wood, . . . shall have a lien upon such material for the amount due or to become due for such labor or services, which lien shall take precedence of all other claims . . . thereon."

In the *Edwards Case, supra,* a lien was denied to an owner for the use of teams hired out to a logger, but it is stated that—

"Certainly, due liberality of construction has been accorded in holding that it (the lien) may include labor or services done by another, and such construction can only be sustained by application of the maxim *Qui facit per alium facit per se.*"

Here the team and machinery involved in the work were "used and operated" by the plaintiff's "agents or servants," and if the *Hogan Case* rule were applied, as the *Edwards Case* assumes it would have been under sec. 3329, Stats. 1898, the plaintiff would be entitled to his lien.

However, sec. 3329 was amended in 1919. The present statute, sec. 289.18, Stats. 1931, provides that:

"Any person who shall, by himself or by his beast of burden, or by his tractor or similar motor vehicle, do or perform any labor or services in cutting, hauling, . . . felling, (or) piling . . . any logs, timber, . . . (or) pulp wood, . . . shall have a lien upon such material for the amount due or to become due for any such labor or services."

It is to be noted that the words "company or corporation" in the statute when the *Hogan Case* was decided do not appear in the present statute. These words were dropped in the revision of 1878, perhaps because, as the *Edwards Case* would seem to imply, they were unnecessary and therefore surplusage under the meaning properly given to the word "person" under sec. 4971—12 and sec. 4972, R. S. 1878. But ch. 484, Laws of 1919, further changed the statute by changing the clause "Any person who shall do or perform any labor," etc., in sec. 3329, to "Any person who shall *by himself* or by his beast of burden do or perform any labor," etc. This seems to indicate a legislative intent that the labor for which the lien is given should be performed personally

by the individual seeking the lien. The fundamental idea of the statute, as expressed in the *Carpenter* and *Edwards Cases, supra,* was to give the lien to manual laborers. The legislative intent to limit the lien to persons themselves performing labor seems further evidenced by the fact that ch. 484, Laws of 1919, not only modified sec. 3329, but also modified sec. 3314, the general lien statute relating to principal contractors, architects, etc., and materialmen, and sec. 3315, relating to others than principal contractors, by inserting the same phrase "by himself or by his beast of burden" between the words "who performs" and "any work or labor." The language of secs. 3314 and 3315 expressly applies to "every person, firm, corporation or association." The language of sec. 3329 is limited to "persons." It would seem that had the legislature intended that the logger's lien statute should apply to any but individuals they would have so declared as they expressly did declare in the case of principal contractors and subcontractors in the other portions of the chapter. We are of opinion that the logger's lien must be held limited to securing wages for work and labor performed by individuals and as not extending to secure contractors performing their contracts through employees for their contract price.

*By the Court.*—The judgment of the circuit court, so far as it adjudges a lien and payment out of the avails of the logs and pulp wood delivered under the contract, is reversed.