CALIFORNIA FRUIT CANNERS' ASS'N et al. v. MYER et al.

(Circuit Court, D. Maryland. November 15, 1899.)

UNFAIR COMPETITION—GEOGRAPHICAL DESIGNATION OF FRUITS—FRAUDULENT LABELS.

Canning companies in California, who put up and sell fruits grown in that state, have the right to use thereon the name "California" as a trade designation, and, when their products have become well and favorably known by such name, are entitled to protection by injunction against the fraudulent use on cans of the same kind of fruit, grown and put up elsewhere, of labels designating it as California fruit, and falsely stating that it is put up in that state.[1]

In Equity. Suit for unfair competition. On motion for preliminary injunction.

Moses R. Walter, for complainants.

Edgar H. Gans and Alfred J. Shriver, for defendants.

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

MORRIS, District Judge (orally). The complainants are a number of corporations of California, engaged in that state in the business of canning pears grown there. They allege that canned "California Pears" is the commercial designation by which the fruit grown and canned in California has been for a long time known to the trade and consumers, and as such has a high reputation and increasing sale; that the defendants are engaged in the canning business at Baltimore, and are putting up pears not grown in California, and labeling them so as to assert that they are California pears canned in that state, to the great injury of the complainants, and the destruction of the reputation of their goods and the defrauding of consumers; and they pray an injunction to prevent the use by the respondents of these deceptive labels. The respondents concede that they put up in cans pears grown in Maryland and adjoining states, and keep the cans without labels until they are sold, and then, at the desire of their customers, they label them as California pears, canned by some pretended packer at some place in California. This is a clear case of fraudulent competition by the use of a geographical name which the complainants are entitled to use, but the respondents are not. It is true that no one single packer can acquire an exclusive right to use, as a private trade-mark, "California Pears," or "California," as a label on canned pears; but all the persons who put up California grown pears in California have a right to use it; and it has acquired, the bill alleges, an especial trade significance of value. With regard to articles of food, and particularly with regard to fruits, the place where they are grown creates often an essential distinction as to quality and flavor; and this distinction, when it has become known in trade by the geographical name of the place where grown, the growers of the fruit are entitled to the benefit of, and the consumers should not be deceived. The present is such a case, and presents, I think, indisputable ground for the application of the equitable jurisdiction which prevents unfair and fraudulent competition by simulated trade designations. All the objections which have been urged by the respondents upon the ground that a geographical name cannot be a trade-mark, that no one of the complainants can show the actual money damage it has suffered, and that equity has no jurisdiction, are, I think, fully answered in the learned opinion of Judge Bunn, and the cases cited by him, in Flour-Mills Co. v. Eagle, 30 C. C. A. 386, 86 Fed. 608. The injunction prayed will be granted.