Lehr v. Murphy, 136 Wis. 92.

LEHR, Receiver, and others, Appellants, vs. MURPHY and others, Respondents.

*May 13—June 5, 1908.*

*Corporations: Creditors' action: Jurisdiction: Foreign corporations: Receivers: Parties: Statutes: Nature of action: Pleading.*

1. A creditor's action may be maintained in the courts of this state against a foreign corporation to conserve its property within the jurisdiction of such court for the payment of claims of

creditors properly invoking such jurisdiction, as in case of a domestic corporation.

2. It is not essential to the commencement of a creditor's action against a corporation that there be a receiver appointed.

3. In case of the commencement of a creditor's action to conserve the property of a corporation for the benefit of creditors, if a creditor plaintiff is so circumstanced as to be competent to so invoke the court's jurisdiction other creditors not so circumstanced may be joined, and if a receiver appointed before the commencement of the action be also joined, whether the appointment be regular or not is immaterial, it being sufficient if there be one creditor plaintiff competent as aforesaid.

4. The jurisdiction of the court to entertain a mere creditor's action against a corporation does not depend upon sec. 3216, Stats. (1898), and its associate sections. They are supplementary to, not in place of, the common law in regard to such matters.

5. A mere creditor's action such as is above mentioned is not an action to wind up a corporation nor one to regulate its internal affairs.

6. A complaint by a party competent to commence a creditor's action and containing a statement of the facts essential to such an action is good therefor as against a general demurrer, though parties be joined not necessary to such action and the complaint contains a statement of facts proper for a winding-up action and to vindicate rights not necessary to be determined in a creditor's action.

7. Under the rule that some facts are pleadable according to their legal effect, it is proper in a complaint for a creditor's action, as regards the proper entry of the judgment at law on the moving creditor's claim and exhaustion of legal remedies for its collection, to allege, generally, that the judgment was duly rendered in a court having jurisdiction of the matter, specifying the same, and that execution was duly issued to enforce such judgment and that such execution was returned unsatisfied. In such case, under the liberal rules of pleading, the detailed facts sufficiently appear by reasonable inference.

8. Circuit Court Rule XXVII, sec. 1, requiring in a creditor's action the pleading to state the amount actually and equitably due upon his judgment at law, is sufficiently complied with by the usual allegations that the action was not brought by collusion, etc.; that execution was duly issued to enforce the judgment and that the same was returned wholly unsatisfied.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer to the complaint, which alleged the following facts:  ·

Defendant *Standard Lead & Zinc Smelting & Mining Company* is a corporation organized under the laws of the territory of Arizona February 24, 1905, with an authorized capital of one million shares of the par value of $1 each.   Its designated office and principal place of business is and always has been in the city of Milwaukee, Wisconsin.   Since June 5, 1905, defendants *Murphy, Zien, McKinney, Davidor, Evans,* and *Van Wyck,* all being residents of said city, except *Zien,* who resides at Duluth, Minnesota, and *McKinney,* who resides at Pittsburg, Pennsylvania, have been its directors.   April 23, 1906, plaintiff *Field,* in a justice's court of La Fayette county, Wisconsin, procured a judgment against said corporation for $134.82, upon which execution was duly issued out of the circuit court for said county and returned *wholly* unsatisfied.   Thereafter plaintiff *Lehr* was duly appointed by the county court of said county receiver of the property of said corporation, and he duly qualified and by due proceedings was authorized to bring this action.   Plaintiffs *Rosenberg* and *Meske* are stockholders of the corporation, and as well as plaintiff *Field* are creditors thereof, and have been duly joined as plaintiffs in their own behalf and in behalf of all other creditors of the corporation who may wish to participate in the action.

All the business of the corporation has been done in the state of Wisconsin and all of its effects are located therein. This action is brought for the sole purpose of compelling the defendant's directors to pay such sums as they ought to pay and for the satisfaction of the debts of the corporation.   The proceedings of such directors hereafter mentioned were in violation of the law of the territory of Arizona and the law of the state of Wisconsin.   The corporation is possessed of effects in the state of Wisconsin held in secret trust for it by some of the defendants, the evidence of which is under their

control and in respect to which discovery is sought. The corporation is insolvent, owing debts far in excess of its assets. The individual defendants by collusion permitted defendant *Davidor,* or a corporation controlled by him, to acquire from the defendant corporation three quarters of its capital stock in exchange for a mining lease and property obtained by him and in which he had not made any investment, the corporation assuming all obligations in that regard and so taking the property at such a fictitious value as really to not realize any consideration for the stock. The proceedings in respect to that matter were thereafter ratified at a meeting of the directors, all being present except *McKinney.* All except him personally knew of the entire transaction.

Said directors fraudulently entered into an arrangement with *Davidor* and his corporation to allow the latter as sole agent for the sale of the corporate stock a commission of fifty per cent. of all sums received for said stock, and they fraudulently entered into a further agreement whereby one half of such stock was divided into seven portions and one such portion was turned over to each director for $100, except *Evans,* who paid $500, and *McKinney,* who paid $5,000, and the seventh portion was divided equally between *Davidor* and *Zien,* each paying $50. Pursuant to said fraudulent arrangement as to the division of stock and allowance of commission, one half of the $6,000 received by the corporation aforesaid was paid to *Davidor's* corporation. The scheme aforesaid, among other things, was entered into to make it appear to prospective purchasers of stock at second hand that the defendant corporation had received $500,000 for one half of its stock. As a part of the arrangement to allow fifty per cent. commission for the sale of stock, *Davidor,* or his corporation, returned one third of the stock received for the mining lease and property aforesaid and the same formed a part of the stock distributed as aforesaid.

The individual defendants owned the stock acquired by

them as aforesaid at the time the indebtedness to plaintiff *Field* was incurred, and they still own the same, never having paid therefor except as indicated. The contract allowing fifty per cent. commission for selling the corporate stock was fraudulently kept secret from general stockholders. The defendant's directors negligently and fraudulently squandered the property of their corporation, so crippling it as to cause other losses, aggregating in all $100,000, and they fraudulently paid two dividends amounting to $1,816.46, there being no net profits out of which to pay the same.

The prayer for relief is broad enough for an ordinary creditor's action and also for a general winding-up suit as in case of the final and full settlement of the affairs of an insolvent corporation.

The demurrer was upon the following grounds:

(1) Want of jurisdiction of the person of the defendant or of the subject of the action.

(2) Want of legal capacity to sue.

(3) Improper joinder of causes of action.

(4) Defect of parties plaintiff and defendant and improper joinder of the corporation as defendant.

(5) Want of facts sufficient to constitute a cause of action.

For the appellants there was a brief by *C. H. Hamilton* and *Joseph B. Doe,* attorneys, and *J. B. Simpson,* of counsel, and oral argument by *Mr. Hamilton.*

For the respondents *Murphy* and *Zien* there was a brief by *Wegner, Blatchley & Gilbertson;* for the respondent *McKinney* a brief by *Boden & Beuscher;* and the cause was argued orally by *Andrew Gilbertson* and *F. X. Boden.*

MARSHALL, J.   Only the first and fifth grounds of demurrer are argued in the briefs of counsel for respondents. Therefore the other grounds will be regarded as abandoned, though we will say, in passing, that viewing the complaint as for a mere creditor's action we are unable to perceive any

support for either of the grounds not argued.    Regardless of
the general nature of the complaint and of the prayer for re-
lief, the dominant purpose of the pleader is unmistakably
stated in the allegation that the action is brought "for the
sole purpose of compelling payment from the said defendant's
directors of the amounts that may be found due from them by
reason of the matters and things hereinbefore set forth, and
for satisfaction of the debts of all creditors of said defendant
corporation."

The main ground of demurrer on which respondents' coun-
sel rely is the fifth.    Viewing the complaint only as an ordi-
nary creditor's bill, such ground is readily seen to be unten-
able.    The facts alleged amply show the existence of non-
leviable corporate assets of various kinds to be recovered into
the corporate treasury or some proper representative thereof
for the benefit of creditors.    There is the allegation that the
defendant's directors are possessed in secret trust of corporate
property, the allegations to the effect that contrary to the law
of Arizona such directors obtained large amounts of corporate
stock from the corporation without rendering thereto any
substantial consideration therefor, allegations to the effect
that by connivance of the directors half of the stock was is-
sued and turned out for property of no considerable value
as compared with the par value of the stock, and further al-
legations to the effect that by nonfeasance and misfeasance
such directors squandered, lost, and misappropriated property
of the corporation to the extent of over $100,000.    Most of
these wrongdoings are alleged to have been participated in by
all of the directors.

The fact that two creditors, joined as plaintiffs, are not
shown to have exhausted their remedy at law to collect their
claims is referred to as a defect in the complaint.    That is
immaterial since the leading creditor who joined in initiating
the litigation is shown to have exhausted his such remedy
and so was competent to commence the suit.    The rule is

that if in a suit of this sort, at the time of its commencement, there is an active party plaintiff so circumstanced as to be competent to maintain it, he may afterwards be displaced by another creditor, not so circumstanced, and made a defendant, or dropped out of the litigation altogether, or have other creditors, none of whom could have properly initiated the proceedings, joined with him as plaintiffs, without affecting the cause of action or the legal capacity of the parties to pursue the matter. *Harrigan v. Gilchrist,* 121 Wis. 127, 307, 99 N. W. 909.

It is suggested as a defect that the complaint fails to show the receiver was regularly appointed. On that it is sufficient to say that whether such be the case or not is immaterial to the cause of action. No receiver is necessary in order to commence an action of this sort. It is sufficient, as indicated, that there was a creditor competent to make the complaint, who was made a plaintiff. *Harrigan v. Gilchrist,* 121 Wis. 127, 271, 99 N. W. 909.

It is further suggested that the complaint fails to show the issuance and return unsatisfied of a valid execution. The opinion of the court is otherwise. The allegation that an execution was duly issued and was duly returned wholly unsatisfied is ample. By reasonable inference that suggests that a transcript of the justice's judgment was properly filed and the judgment docketed in the office of the clerk of the circuit court before the execution was issued. Under our practice many mixed matters of law and fact are properly pleadable according to the legal effect of the facts. *Hyman v. Landry,* 135 Wis. 598, 116 N. W. 236. The rule covers the case, that all facts necessary to sustain a complaint, reasonably inferable from the language used, are to be regarded as efficiently stated. *Morse v. Gilman,* 16 Wis. 504; *Emerson v. Nash,* 124 Wis. 369; 102 N. W. 921.

The further point is made that the complaint is fatally defective for failure to allege in compliance with Circuit Court

Rule XXVII, sec. 1, the true sum actually and equitably due on the judgment. That is ruled in favor of the appellants by *Marston v. Dresen*, 76 Wis. 418, 45 N. W. 110, and *Faber v. Matz*, 86 Wis. 370, 57 N. W. 39. The complaint states that the execution upon the judgment was returned wholly unsatisfied; that there is no collusion between the parties, and that the action is prosecuted for the sole purpose of compelling payment of dues to the corporation for the satisfaction of its debts. Such allegations were held in the cases cited to substantially comply with the rule; and further that the allegation required thereby is not of the substance of the cause of action, which is complete without it, and that at best absence thereof is a mere irregularity to be remedied by motion; that it does not constitute any legitimate ground for a demurrer.

In support of the contention that the circuit court has no jurisdiction of the subject of the action it is urged that the remedy in respect to dealing with, collecting, and distributing the effects of insolvent corporations in payment of its debts is governed by sec. 3216, Stats. (1898), and its associate sections, and that as they relate only to domestic corporations the common law in respect to the matter does not apply; that there is no remedy by a creditor's bill as to a foreign corporation. That is a mistake. It was early decided by this court that the common law respecting creditors' bills is supplemented, not displaced, by the statutes. *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57; *Harrigan v. Gilchrist*, 121 Wis. 127, 245, 99 N. W. 909.

In the last case cited the court reviewed at length the law on this subject, quoting, as the initial holding here, from *Adler v. Milwaukee P. B. Mfg. Co., supra,* this language:

"From this view of the general powers of courts of equity to manage and control the affairs of failing and bankrupt corporations it becomes a matter of very little practical importance whether . . . secs. 18 and 19 of ch. 148 of the Revision of 1858 [now sec. 3216, Stats. 1898] are operative or

not. If operative, they are in affirmance of the law as it was previously understood; if inoperative, no substantial change is occasioned. If they can be enforced, they only go to strengthen the powers which courts of equity heretofore possessed, to remove doubts, and to render the rules by which such proceedings are governed more stable and undeviating."

Further it is contended in support of the demurrer that the circuit court is without jurisdiction of the subject of the action; that a winding-up action against a corporation can only be brought at the domicile of the corporation, referring to such cases as *Hutchinson v. American P. C. Co.* 104 Fed. 182; *Stockley v. Thomas,* 89 Md. 663, 43 Atl. 766; *Condon v. Mut. R. F. L. Asso.* 89 Md. 99, 42 Atl. 944; and that neither such an action nor one to regulate the internal affairs of a corporation organized under the laws of another state can be maintained except at the domicile of the corporation, referring to such cases as *North State C. & G. M. Co. v. Field,* 64 Md. 151, 20 Atl. 1039, which was essentially an action of that character. It is sufficient to say as to such contentions that the primary purpose, at least, of this action is merely to conserve corporate assets within the jurisdiction of the court for the benefit of creditors in, or that may come into, such jurisdiction. It is neither a winding-up action nor an action to regulate the internal affairs of the corporation. If there be any matters stated in the complaint appropriate to such actions they are merely incidental to the main purpose of the suit. As the court at present is not required to go further than to test the question of whether the complaint states facts sufficient for a creditor's bill the two propositions suggested by counsel and argued at considerable length need not be discussed.

A clear distinction is made in the authorities between an action of this sort and a general winding-up action or one to regulate the internal affairs of a corporation. In *Hutchinson v. American P. C. Co., supra,* confidently relied upon by counsel, it is distinctly held that any state may take control

of property lying within its jurisdiction independently of
any question of domicile, and in 23 Am. & Eng. Ency. of
Law (2d ed.) 1006, also relied on by counsel, though it is
said that a court of one state will not, in general, take charge
of the business of a corporation organized under the laws of
another state, that the place for a general receivership or en-
tire winding-up proceedings is at the domicile, it is further
said, in the same connection, that a receiver may be ap-
pointed for the property of a foreign corporation found
within the jurisdiction of the court.

True, where there is a general receivership at the domicile
of the corporation the foreign receiver would ordinarily be
appointed as ancillary only, but that does not militate
against the power of the court by virtue of its equity juris-
diction to deal with property within its reach belonging to
the corporation, for the benefit of creditors invoking its au-
thority, so far as necessary to protect the rights of such cred-
itors.

Our attention is called to *N. W. Iron Co. v. Central T.
Co.* 90 Wis. 570, 63 N. W. 752, 64 N. W. 323, where the
question was raised, but not decided, as to whether a credit-
or's action of this kind may be maintained, language being
used well calculated to cast doubt upon whether such an ac-
tion is maintainable. Notwithstanding what is there said it
is now considered that by the weight of authority and upon
reason and principle as well the action is maintainable. We
refer to 5 Thomp. Corp. §§ 6860, 6861; *Smith v. St. Louis
Mut. L. Ins. Co.* 3 Tenn. Ch. 502, 505; *Murray v. Vander-
bilt,* 39 Barb. 140, 147; *Redmond v. Hoge,* 3 Hun, 171;
*Nat. T. Co. v. Miller,* 33 N. J. Eq. 155; *Richardson v. Clin-
ton W. T. Mfg. Co.* 181 Mass. 580, 64 N. E. 400; *De Bemer
v. Drew,* 57 Barb. 438; *Tinkham v. Borst,* 31 Barb. 407.

It is not claimed that the above authorities are in all re-
spects directly in point, but they clearly recognize or declare
the principle that a court of equity has ample authority to

entertain a suit against a foreign corporation to conserve its property within its jurisdiction to enforce payment of a judgment at law therein, legal remedies for its collection having been exhausted, and to vindicate the rights of all other creditors to recover their claims, who come into or are made parties to the litigation, so far as equity requires it.

Some other matters are discussed by counsel, but they do not seem material and so we will omit special mention of them. The complaint at this time is sustained, limited to the purposes of a creditor's action only.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings according to law.