KEY WEST CIGAR MANUFACTURERS' ASS'N et al. v. ROSENBLOOM.

(Circuit Court, S. D. New York. May 1, 1909.)

1. TRADE-MARKS AND TRADE-NAMES (§ 88*)—UNLAWFUL COMPETITION—RIGHT TO SUE—ASSOCIATION OF MANUFACTURERS.

Where an association of cigar manufacturers, as an association, did not manufacture or deal in cigars, and was not in any competition with defendant, it could not sue in equity for unfair competition, alleged to consist in the sale by defendant of cigars not made in Key West in packages marked and labeled to indicate that they were made there.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 98; Dec. Dig. § 88.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 91*)—JOINDER—RIGHT TO JOIN.

Several cigar manufacturers, interested in obtaining the same relief against defendant for unfair competition in the sale of cigars not made in Key West, in packages marked and labeled to indicate that they were made there, were entitled to join as complainants.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 101; Dec. Dig. § 91.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COURTS (§ 308*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP.

Where one or more of several joint complainants was of the same citizenship as defendant, federal jurisdiction on the ground of diverse citizenship did not exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer to a bill for unfair competition by defendant in the sale of cigars not made in Key West in packages so marked and labeled as to indicate that they are made there.

Sidney R. Perry and Stewart & Stewart, for complainants.
L. & I. J. Joseph, for defendant.

LACOMBE, Circuit Judge. The bill sets forth a cause of action in favor of the individual complainants, who manufacture and sell cigars actually made in Key West; but it is not apparent on what theory the "association" of such manufacturers can maintain such a suit. It neither manufactures nor deals in the cigars, and is not in any competition with defendant. Complainants' counsel asserts that in California Fruit Canners' Association v. Myer (C. C.) 104 Fed. 82, a similar suit was sustained. The report of that case does not indicate that any such point was raised, and Judge Morris' opinion begins with the statement that:

"The complainants are a number of corporations in California, engaged in that state in the business of canning pears grown there."

There is no reason why the several complainants who seek the same relief should not be joined as parties plaintiff; but two of them happen to be citizens of New York, and therefore this suit cannot be maintained in the federal courts against defendant, who is a citizen of the same state.

The demurrer is sustained, with leave to amend complaint within 20 days, so as to obviate the objections to it in its present form.