## ELLIOT *v.* MACAULEY *et al.*

97

No. 9395. MAY 12, 1933.

*E. W. Jordan,* for plaintiff in error.
*W. A. Slaton* and *Harris & McMaster,* contra.

BECK, P. J.   In April, 1932, Mrs. Elizabeth Macauley filed her petition in the superior court of Washington County against Georgia Portland Cement Corporation, alleging that the defendant was a foreign corporation chartered under the laws of the State of Delaware; that on April 1, 1932, the corporation was dissolved by reason of a forfeiture of its charter and franchise; that at the time of the forfeiture of its charter the corporation was located in Washington County, Georgia, had its principal place of business and an agent therein, and was doing business in that county; that its principal assets were located there; that she was a creditor of the corporation, and she set forth in detail the character of her claim, showing that the corporation was indebted to her in a large sum upon certain notes and obligations, which were attached to the petition; that the assets of the corporation constituted a fund for the payment of its debts and for equal distribution among its members; and that as a creditor she had the right to file her petition.   She prayed that a receiver be appointed to administer the assets of the corporation under the direction of the court and for the benefit of creditors and stockholders.   The defendant corporation was served, and filed its answer, in which the allegations of the petition were admitted.   At interlocutory hearing the court appointed a receiver to take charge of the assets of the corporation and to administer the same under

the direction of the court. In June, 1932, the court passed an order directing that all persons interested and holding claims against the corporation should, by a date named, file their claims, and file such contests or objections as they might have to claims filed by any other persons. Petitioner alleged that the assets of the corporation consisted of two lots of land in Washington County, one lot containing 664 acres, and the other 229 acres; the other assets of the corporation were notes and other obligations in the approximate sum of $100,000, and office furniture, fixtures, etc. There was also set forth in the petition "a partial list" of the creditors of the corporation, petitioner alleging that these were the only creditors of whom she had any information. On August 20, 1932, upon the application of the receiver for the sale of certain property belonging to the corporation, the court, after hearing evidence as to the necessity for the sale, passed an order directing a sale of certain lands of the corporation, the sale to take place after advertising, and providing that the sale be reported to the court for confirmation.

In September, 1932, prior to a sale of the property, J. H. Elliot filed an intervention which was allowed by the court. He also filed a general and special demurrer to the petition upon which the receiver was appointed, upon the grounds that the petition does not set forth facts sufficient in law to constitute a cause of action and to authorize the relief prayed; that the facts pleaded show that plaintiff is an unsecured creditor and has an adequate and perfect legal remedy by suit against the corporation notwithstanding its dissolution; that there is no party defendant in the case, the Georgia Portland Cement Corporation, under the allegations of the petition, being a dissolved corporation and without legal existence, and the petition names no party as defendant; that plaintiff does not ask for any judgment against the corporation, and is not entitled to maintain her suit, being an unsecured creditor; that the right to bring and maintain the petition is in the stockholders only, and not in unsecured creditors; that no stockholder or other party at interest is made a party defendant, and the cause can not proceed without the stockholders of Georgia Portland Cement Corporation, the owner of its properties, being made parties defendant, or at least a sufficient number of stockholders to represent the class.

Upon a hearing the court overruled the demurrer, and passed an order directing the sale of the property upon a date named therein,

after due advertisement, and directing also that the sale before completion should be confirmed by the court. To these rulings Elliot filed his exceptions, bringing the case to this court for review.

■ The court did not err in overruling the intervenor's demurrer. It is a principle that has been often stated and held by this court as well as other courts, that the intervenor takes the case as he finds it. *Charleston & Western Carolina Ry. Co. v. Pope*, 122 *Ga.* 577 (50 S. E. 374) ; *Seaboard Air-Line Ry. v. Knickerbocker Trust Co.*, 125 *Ga.* 463 (54 S. E. 138) ; *Atlanta & Carolina Ry. Co. v. Carolina Portland Cement Co.*, 140 *Ga.* 650 (79 S. E. 555). Applying that principle to the facts of this case, the intervenor could not raise the question as to whether plaintiff could maintain this action against the corporation which had been dissolved, without service upon all of the stockholders. Service had been made upon the former president of the dissolved corporation. It appeared by its attorneys, and in the answer filed by the attorneys it was stated that the only proper and legal method of administering the affairs of the defendant and disposing of its assets for the benefit of its creditors was by the appointment of a receiver. The intervenor came into this case after the court had, upon consideration of the petition and the answer of the dissolved corporation, appointed a receiver and ordered the receiver to sell the assets of the corporation, after duly advertising the same, and submit his report to the court for confirmation. If the intervenor has rights, legal or equitable, which he wishes to assert and which are put in jeopardy by the proceedings already taken by Mrs. Macauley, and if these proceedings for any reason ought to be set aside or ought to be enjoined in any way, Elliot, alleging himself to be a stockholder, had the right to file an independent proceeding to assert his rights and to assert the superiority of his claim and his rights to those of Mrs. Macauley, the plaintiff in the present action. But as he is, being an intervenor merely, compelled to take the case as he finds it, he can not as an intervenor file a demurrer at the stage of the proceedings when he appears, even if at a time prior to that he could have filed a demurrer, and raise questions by demurrer which only a party defendant could have raised.

■ The rulings stated in headnotes 2, 3, and 4 require no elaboration. *Judgment affirmed. All the Justices concur.*