ELIZABETH ISSAIA, Respondent, *v.* RUSSO-ASIATIC BANK, Appellant, Impleaded with Others. (Appeals Nos. 1 and 2.)

38

(Argued November 20, 1934; decided December 7, 1934.)

*Maurice Léon* and *John J. Curtin* for appellant. Authority sufficient to support the special appearance is proved by undisputed facts. (*Osborne* v. *United States Bank,* 9 Wheat. [U. S.] 738; *Hookey* v. *Greenstein,* 119 App. Div. 209; *Matter of Vanderbilt,* 1 Abb. Pr: 193; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *Gaboury* v. *Central Vermont Ry. Co.,* 250 N. Y. 233; *Hammond* v. *National Life Assn.,* 31 Misc. Rep. 182; 58 App. Div. 453; 168 N. Y. 262; *Union Guardian Trust Co.* v. *Broadway Nat. Bank,* 138 Misc. Rep. 16; *James & Co.* v. *Rossia Ins. Co.,* 247 N. Y. 262; *Matter of People [Russian Reinsurance Co.],* 255 N. Y. 415; *Vladikavazsky Ry. Co.* v. *New York Trust Co.,* 263 N. Y. 369.)

*Borris M. Komar* for respondent. Plaintiff was entitled to an order of publication without previous attachment of the New York property of the bank. (*Trotter* v. *Lisman,* 209 N. Y. 174; *Joseph* v. *Raff,* 82 App. Div. 47; 176 N. Y. 611; *Third Nat. Bank* v. *Elliott,* 42 Hun, 121; 114 N. Y. 622; *Holmes* v. *Camp,* 219 N. Y. 359; *Tinkham* v. *Borst,*

31 Barb. 407; *Hanna v. Stedman*, 230 N. Y. 326; *Miller v. Jones*, 67 Hun, 281; *Wetyen v. Fick*, 178 N. Y. 223; *Schaefer v. Fisher*, 137 Misc. Rep. 420; *Boswell v. Otis*, 9 How. 336.) Recognition of the Chinese and French liquidators by our courts would mean abdication of their sovereignty to the prejudice of our citizen creditors. (*Howarth v. Angle*, 162 N. Y. 179; *Mabon v. Ongley Electric Co.*, 156 N. Y. 196; *Matter of Waite*, 99 N. Y. 433; *Union Guardian Trust Co. v. Broadway Nat. Bank*, 138 Misc. Rep. 16; *Great Western Mining Co. v. Harris*, 198 U. S. 561; *Willitts v. Waite*, 25 N. Y. 577; *Mitchell v. Banco de Londres y Mexico*, 192 App. Div. 720.)

*Joseph M. Proskauer, Philip A. Carroll, Otey McClellan* and *J. Alvin Van Bergh* for the National City Bank of New York, *amicus curiæ*. The attorneys for the Chinese and French liquidators have no authority to appear for the bank in the State of New York to object to a proceeding looking to the administration of the assets of the bank located in the State. (*Acken v. Coughlin*, 103 App. Div. 1; *Hallenborg v. Greene*, 66 App. Div. 590; *Mitchell v. Banco de Londres y Mexico*, 192 App. Div. 720; *Andre v. Beha*, 211 App. Div. 380; *Phillips v. Sonora Copper Co.*, 90 App. Div. 140; *Martyne v. American Union Fire Ins. Co.*, 216 N. Y. 183; *Reife v. Rundle*, 103 U. S. 222; *Canada Southern Ry. v. Gebhard*, 109 U. S. 527; *Kelly v. Crapo*, 45 N. Y. 86; *Booth v. Clark*, 17 How. [U. S.] 322; *Hale v. Allinson*, 188 U. S. 56; *Great Western Mining & Mfg. Co. v. Harris*, 198 U. S. 561; *Keatley v. Furey*, 226 U. S. 399; *Ebsary Gypsum Co. v. Ruby*, 256 N. Y. 406.) The present case does not come within the terms of subdivision 6 of section 232 of the Civil Practice Act. (*Morgan v. Mutual Benefit Ins. Co.*, 189 N. Y. 447; *Holmes v. Camp*, 219 N. Y. 359; *Garfein v. McInnis*, 248 N. Y. 261; *Ebsary Gypsum Co. v. Ruby*, 256 N. Y. 406; *Bryan v. University Publishing Co.*, 112 N. Y. 382; *Hanna v. Stedman*, 230 N. Y. 326.)

*Ralph M. Carson, William C. Cannon* and *Franklin H. Mills* for Guaranty Trust Company of New York, *amicus curiœ.* The motion to vacate was properly denied for lack of authority in the attorneys appearing in the name of Russo-Asiatic Bank. (*Vladikavkazsky' Ry. Co.* v. *New York Trust Co.,* 263 N. Y. 369; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *James & Co.* v. *Second Russian Ins. Co.,* 239 N. Y. 248; *Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.,* 255 N. Y. 120; *Gaston & Co.* v. *All-Russian Zemsky Union,* 221 App. Div. 732; *Baranowsky Co.* v. *Guaranty Trust Co.,* 238 App. Div. 833.) The French and Chinese liquidators as non-domiciliary foreign receivers should be given no standing in this court to defeat the jurisdiction of the Supreme Court in a proceeding to administer the assets of an insolvent foreign corporation for the benefit of local creditors. (*Matter of People* [*Russian Reinsurance Co.*], 255 N. Y. 415; *Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *McClement* v. *Order of Foresters,* 222 N. Y. 470; *Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183; *Sinnott* v. *Hanan,* 214 N. Y. 454; *Hallenborg* v. *Greene,* 66 App. Div. 590; *Deschenes* v. *Tallman,* 248 N. Y. 33; *Depew* v. *Fisheries Products Co.,* 9 Fed. Rep. [2d] 235; *McCandless* v. *Furlaud,* 68 Fed. Rep. [2d] 925; *Union Guardian Trust Co.* v. *Broadway Nat. Bank,* 138 Misc. Rep. 16; *Mabon* v. *Ongley Electric Co.,* 156 N. Y. 196; *Hammond* v. *National Life Assn.;* 58 App. Div. 453.)

POUND, Ch. J. Plaintiff brought this action in the Supreme Court, New York county, as an alleged general creditor of the defendant Russo-Asiatic Bank, a pre-Soviet Russian banking corporation. She alleges the unpaid balance of a ruble checking account which she claims to have had with the Moscow office of Russo-Asiatic Bank prior to the Soviet revolution.

Alleging that she has no adequate remedy at law against Russo-Asiatic Bank, plaintiff demands the appointment of

a receiver for the New York property of the bank, to distribute such New York property to the plaintiff and other creditors of the bank similarly situated.

She also alleges that the defendants National City Bank and Guaranty Trust Company hold property of the Russo-Asiatic Bank within the State of New York and it is with respect to this that the receiver is sought.

On September 8, 1933, plaintiff obtained an order for service of the summons in this action by publication on the defendant Russo-Asiatic Bank.

The attorneys who appear in this court in the name of Russo-Asiatic Bank, namely, Messrs. Evarts, Choate, Sherman & Léon, who purport to be retained by the liquidator appointed by the Chinese authorities for the branches of Russo-Asiatic Bank in China, and John J. Curtin, who purports to be retained by the liquidator appointed by the French courts for the Russo-Asiatic Bank which had removed to Paris, moved at Special Term to vacate the order for service by publication. It is only in their capacity as representatives of the Russo-Asiatic Bank that we may deal with them.

Plaintiff made a cross-motion to strike out the alleged appearance of Mr. Léon and Mr. Curtin on the ground that, even if authorized by the Chinese and French liquidators, they were not authorized to represent Russo-Asiatic Bank, because they had been retained not by Russo-Asiatic Bank, but by the Chinese and French liquidators appointed in China and France, respectively, for the branches of Russo-Asiatic Bank located in each of those countries; and that such non-domiciliary liquidators, respectively, merely control the Chinese and French assets of Russo-Asiatic Bank, but have no authority to appear in the New York courts with respect to New York assets.

The court granted plaintiff's cross-motion to strike out the special appearance of Mr. Curtin and Mr. Léon on behalf of Russo-Asiatic Bank, and denied said attorneys' motion to vacate the order for service by publication,

presumably on the ground that these parties lacked authority to make such motion.

The Appellate Division, first department, affirmed both the order granting plaintiff's motion to strike out the alleged appearance by Mr. Léon and Mr. Curtin (Appeal No. 2) on behalf of Russo-Asiatic Bank and the order denying said attorneys' motion to vacate the order for service by publication (Appeal No. 1).

The present appeals are from these two decisions of the Appellate Division, upon leave granted to appeal to this court upon the following certified questions.

With respect to the decision denying the authority of Messrs. Léon and Curtin (Appeal No. 2):

" 1. Are Evarts, Choate, Sherman & Léon and John J. Curtin authorized to appear specially for Russo-Asiatic Bank for the purpose of moving to vacate the order for service by publication of the summons upon Russo-Asiatic Bank?"

With respect to the decision denying motion to vacate the order for service of a summons by publication (Appeal No. 1):

" 1. Are the papers upon which the order for service by publication was granted sufficient to sustain the validity thereof?

" 2. Upon the papers upon which the order for service by publication was granted, was plaintiff entitled to such an order in this action without having previously obtained an attachment of defendant's property?

" 3. Upon the papers upon which the order for service by publication herein was granted, does plaintiff have any cause of action against Russo-Asiatic Bank?"

We are in accord with the holding of the court below that neither the French nor the Chinese liquidator has authority to appear within the State of New York on behalf of the corporation. Such liquidators act within the jurisdiction creating them for the purpose of winding up the affairs of the corporation in the state which desig-

nated them. They had no extraterritorial power to appear for the corporation although they may have a status in their own behalf to claim some ultimate interest in the funds of the Russo-Asiatic Bank.

The persons whom Mr. Léon and Mr. Curtin represent are local receivers of a foreign corporation without extraterritorial jurisdiction.

New York alone has power over the administration of the New York assets and the foreign receiver had no power to appear on behalf of the corporation. (*Relfe* v. *Rundle*, 103 U. S. 222.)

An argument of necessity is put forth to the effect that if the foreign liquidators are not allowed to intervene Russo-Asiatic Bank will have no protection. But the purpose of this action is the appointment of a New York receiver to protect the bank and its creditors in New York. The foreign liquidators may have in their own right some interest in the administration of the New York assets. That question we are not called upon to decide.

The action is one for the appointment of a receiver to administer the property within this State of a foreign corporation. Such an action does not fall within the purview of section 232, subdivision 6, Civil Practice Act. (*Ebsary Gypsum Co.* v. *Ruby*, 256 N. Y. 406.) No attachment has been issued or could be issued in this action. Even in actions where the Civil Practice Act authorizes service by publication no jurisdicton can be obtained by service directed against a defendant who is dead.

These objections may be raised by third parties. The Russo-Asiatic Bank is not bound to appear to move to vacate the service of the summons (*Nankivel* v. *Omsk All Russian Government*, 237 N. Y. 150). The court itself is justified in refusing to treat the order of publication as a proper foundation for a judgment. (*Lazard Brothers & Co.* v. *Midland Bank, Ltd.*, [1933] A. C. 289, 298, 307.)

Appeal No. 1 is not properly here. It is brought here on the appeal of unauthorized representatives of the Russo-Asiatic Bank. The appeal should be dismissed, without costs.

In appeal No. 2: The order should be affirmed, without costs, and the question certified should be answered in the negative.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.