ELIZABETH ISSAIA, Plaintiff, *v.* RUSSO-ASIATIC BANK, Also Known as BANQUE RUSSO-ASIATIQUE, and Others, Defendants.

Supreme Court, New York County, April 30, 1935.

*Borris M. Komar*, for the plaintiff.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Ralph M. Carson* of counsel], for the defendant Guaranty Trust Company of New York.

*Shearman & Sterling* [*Otey McClellan* and *M. V. Voorhies* of counsel], for the defendant National City Bank of New York.

*Cravath, De Gersdorff, Swaine & Wood* [*George M. Billings* of counsel], for Jesse C. Millard, *as amicus curiæ*.

*John J. Bennett, Jr., Attorney-General* [*Charles A. Schnieder, Assistant Attorney-General*, of counsel], for the Superintendent of Banks of the State of New York.

HOFSTADTER, J. The defendants National City Bank of New York and Guaranty Trust Company of New York move to vacate an order of publication purporting to give notice to the defendant Russo-Asiatic Bank of the pendency of this action, and upon *vacatur* for an order staying further proceedings on the ground that the Russo-Asiatic Bank is a necessary party defendant without whose presence no determination of the controversy may be had. The plaintiff, pursuant to section 117 of the Civil Practice Act, by way of cross-motion, renews a motion heretofore denied (N. Y. L. J. Nov. 24, 1933) for the appointment of a receiver *pendente lite* to represent the interests of the defendant Russo-Asiatic Bank in the State of New York.

The action is brought on behalf of the plaintiff and other creditors of the Russo-Asiatic Bank, a pre-Soviet corporation, for the appointment of a local receiver to administer the New York assets of that bank. The other defendants are joined in the action upon the sole ground that they hold property of the Russian bank.

It would be inappropriate to explore the question as to whether or not the order of publication obtained on September 8, 1933, was proper in a case of this nature. The Court of Appeals, in affirming the denial of a similar motion in this case on the ground that the movants were not authorized to appear for the Russo-Asiatic Bank, stated in clear and explicit language: " The action is one for the appointment of a receiver to administer the property within this State of a foreign corporation. Such an action does not fall within the provisions of section 232, subdivision 6, Civil Practice Act." (*Issaia* v. *Russo-Asiatic Bank*, 266 N. Y. 37, 43.)

Service by publication is of statutory origin, and a valid order of publication must be founded on an appropriate statutory provision. Counsel for the plaintiff frankly admits that he resorts solely to the cited provision of the Civil Practice Act for authority and I must, therefore, conclude that the outstanding order is a nullity as " the

court itself is justified in refusing to treat the order of publication as a proper foundation for judgment." (Id. p. 43.) Accordingly, the motion to vacate must be granted.

It follows then that at this time the court has no jurisdiction of the *person* of the defendant *Russo-Asiatic* Bank and, therefore, a stay of proceedings is indicated.

The objects of the present litigation include not only establishing the validity of the claim of the plaintiff against the Russo-Asiatic Bank, but also an adjudication that the defendants National City Bank and Guaranty Trust Company are indebted to the Russo-Asiatic Bank in an amount over and above cross-claims. The defendants vigorously resist such claims. It is clear that without the presence of the Russo-Asiatic Bank no binding adjudication of the matters in controversy may be had, for assuming that this court has jurisdiction over the subject-matter, " there can be no effective judgment without jurisdiction of the person." (*Ebsary Gypsum Co. v. Ruby*, 256 N. Y. 406, 411.)

It is a general rule that a court of equity in the absence of all the parties necessary for a complete determination of the controversy tendered by the action will not assume jurisdiction. (*Mahr v. Norwich Union Fire Ins. Soc.*, 127 N. Y. 452; *Gugel v. Hiscox*, 216 id. 145; Civ. Prac. Act, § 193, ¶ 1.) Under such circumstances a proper case for the granting of a stay of further proceedings is presented.

The plaintiff concedes the force of these considerations, but interposes an argument of necessity that any service of process is impossible, as the Russo-Asiatic Bank is a defunct corporation without successor, and any service on a dead person would be ineffectual to confer jurisdiction. (*Nankivel v. Omsk All Russian Government*, 237 N. Y. 150; *Pendleton v. Russel*, 144 U. S. 640.)

And predicated on this assumption she now makes application for the appointment of a receiver, not in order to conserve the assets of the corporation as was originally intended, but as a " guardian *ad litem* " (to adopt her language) to represent the interests of the creditors and to accept service on behalf of the corporation in order to complete the jurisdiction of this court.

But the bill of complaint proceeds on the theory that the Russo-Asiatic Bank is still existent, and indeed the order of publication obtained by the plaintiff must have been predicated on its continued life. While the plaintiff now contends that her views on the vitality of the corporation have been overborne by the expression of the Court of Appeals when it stated that " even in actions where the Civil Practice Act authorizes service by publication no juris-diction can be obtained by service directed against a defendant who

is dead " (*Issaia* v. *Russo-Asiatic Bank, supra,* at p. 43), I am constrained by an examination of the many reported cases to conclude that pre-Soviet corporations *in the absence of special circumstances* are juristic persons in contemplation of law and may sue and be sued in the courts of this State in a proper action. I need not concern myself with niceties of language nor attempt to speculate as to what may have been in the mind of the court when it stated a premise not necessary to the determination of the issue before it. Judicial language may not be so circumscribed and mere *obiter* may not be held by indirection to effect the overruling of recent and well-considered decisions by the same court. " The language of any opinion must be confined to the facts before the court. No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association." (*Dougherty* v. *Equitable Life Insurance Society,* 266 N. Y. 71, 88.)

It has been repeatedly decided that the pre-Soviet corporations have not lost their juristic personality merely by virtue of the nationalization decrees of the Soviet Union (*Salimoff & Co.* v. *Standard Oil Co.,* 262 N. Y. 220; *James & Co.* v. *Second Russian Ins. Co.,* 239 id. 248; *Vladikavkazsky Ry. Co.* v. *New York Trust Co.,* 263 id. 369; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 id. 23); and the recognition of the Soviet government has not validated and made effective in our law the former decrees. (*Vladikavkazsky Ry. Co.* v. *New York Trust Co., supra.*)

Moreover, the courts have sustained judgments obtained against the Russo-Asiatic Bank in actions at law. The present existence of that bank was apparently assumed and its continued life is implicit in the determinations reached. (See *Hoppe* v. *Russo-Asiatic Bank,* 235 N. Y. 37; *Tillman* v. *Russo Asiatic Bank,* 51 F. [2d] 1023.)

The continued existence of pre-Soviet corporations has been recognized " wherever they were found to function outside of Russia." (*Salimoff & Co.* v. *Standard Oil Co.,* 262 N. Y. 220, 225.) While there is no reported case to the effect that the decision would be otherwise in the absence of corporate activity (Cf. *Severnoe Securities Corporation* v. *L. & L. Ins. Co.,* 255 N. Y. 120), yet in each case where the principle of non-recognition of the confiscatory and arbitrary decrees of the Soviet government was announced it appears from the statement of facts that the corporate structure was preserved and that corporate activities were conducted outside of the domicile of the corporation. But I conceive that a corporation may be considered defunct without successor as a *factual* matter, though its demise resulted from events consequent upon legislation not given effect in our courts because of its con-

fiscatory character. In such case the corporation is defunct, not because of the confiscatory decrees but by virtue of such untoward results which in fact resulted from such legislation; and the legislation, invalid in our eyes, is merely the occasion — and as such a factor — in the ultimate demise of the corporation. But I do not regard that the present record sufficiently tenders this issue. The record before the Court of Appeals on the prior motion is not before me. The mere recitation of the decrees of the Soviet which not only confiscated the assets of banks but merged them with the newly formed Peoples Bank and thereafter abolished this bank does not call for such a conclusion. Counsel for the plaintiff erroneously attributes the aforementioned *dictum* of the Court of Appeals to these decrees. But this precise situation was before that court in *Petrogradsky M. K. Bank* v. *National City Bank* (*supra*, at p. 29), and it was there stated: " We do not recognize the decrees of Soviet Russia as competent to divest the plaintiff of * * * any assets that would otherwise have the protection of our laws."

Since it is clear that on the present record the Russo-Asiatic Bank must be deemed to be a juristic person capable of being sued in this court, it follows that a judgment affecting its assets in this State without jurisdiction over its person would not be binding on the present custodian of these assets. While the institution of the action creates a lien with respect to the assets within the State (*Kitchen* v. *Lowery*, 127 N. Y. 53), the jurisdiction of the court is not complete unless the non-resident owner of the assets is amenable to the jurisdiction and subject to the decrees of this court. In these circumstances, a stay of proceedings is appropriate, for a final decree would not protect the defendants from a subsequent suit involving the same subject-matter. (*Schrauth* v. *Dry Dock Savings Bank*, 86 N. Y. 390, 394; *Russian Reinsurance Co.* v. *Stoddard*, 240 id. 149, 168; *Mahr* v. *Norwich Union Fire Ins. Co., supra*.)

Adverting to the cross-motion of the plaintiff for the appointment of a receiver: The plaintiff invokes section 975 of the Civil Practice Act authorizing the appointment of a temporary receiver after an order for service by publication is made; but the authority of that section is not available here. Obviously the provisions of the statute refer to a *valid* and *subsisting* order which would ultimately subject the defendant against whom it is directed to the jurisdiction of the court issuing it. The power conferred may not be predicated on an invalid order.

Since, as it has already been indicated, the Russo-Asiatic Bank is, on the present record, a juristic person capable of being sued in our courts, it is a necessary party to the action. But the court has

no jurisdiction over its person, and it has no authority to appoint a receiver of the property of a party in interest without jurisdiction over its person and without its consent. (*Gallopin* v. *Winsor*, 234 App. Div. 601.) For, while a court of equity has inherent power to appoint a receiver of the property of a non-resident debtor, due process and a proper regard for the rights of the defendant require that such appropriation of its assets be accompanied by sufficient notice.

An examination of the authorities has elicited no cases where jurisdiction has been assumed to appoint a receiver of the assets of a foreign insolvent corporation, in the absence of proper notice or without personal jurisdiction of the corporate defendant.

Creditors by means of a creditors' bill may proceed in equity against assets of an insolvent corporation found in a jurisdiction other than its domicile, whether they be judgment creditors or simple contract creditors, and whether the corporation is existent (*Mitchell* v. *Banco de Londres y Mexico*, 192 App. Div. 720) or dissolved. (*Murray* v. *Vanderbilt*, 39 Barb. 140, 147; *Folger* v. *Columbian Ins. Co.*, 99 Mass. 267, 277; *Elliot* v. *Macauley*, 177 Ga. 96; 169 S. E. 358; *Lehr* v. *Murphy*, 136 Wis. 92; 116 N. W. 893.) The basis of jurisdiction is always present in these cases, whether through personal service upon representatives of the dissolved foreign corporation or through service by publication upon the presence of a *res* which has been subjected to the plaintiff's claim. (See, also, *Garfein* v. *McInnis*, 248 N. Y. 261; *Security Savings Bank* v. *California*, 263 U. S. 282; *Holmes* v. *Camp*, 219 N. Y. 359.)

It is not asserted or claimed that a receiver need be appointed merely to preserve assets pending trial. The alleged assets are in no danger of being lost or dissipated pending trial; the present custodians of the funds are solvent and reliable banking institutions and any such claim would not be well founded. (See *Mitchell* v. *Bank de Londres y Mexico*, *supra*.) Moreover, it does not sufficiently appear from the papers before the court that there are assets in the possession of the local banks unincumbered by prior attachments. A receiver takes custody of assets subject to prior attachments (*West Virginia P. & P. Co.* v. *Peoples Home Journal, Inc.*, 233 App. Div. 376; *New Amsterdam Casualty Co.* v. *National U. F. Ins. Co.*, 236 id. 494); in the absence of a clear showing that there is a *res* within the jurisdiction a receiver would merely be a receiver of litigation.

The alternative request, that the Attorney-General be appointed receiver on the theory that the funds of the Russo-Asiatic Bank are *bona vacantia*, is without merit in view of the determination that the corporation is a juristic person, and in the absence

of statutory authority for such action with respect to the assets of a foreign insolvent corporation.

In any event the plaintiff is not without ultimate remedy in the predicament in which she finds herself. An attachment may be obtained coincidentally with the institution of an action at law and an order of publication in such action would be appropriate. The circumstance that there are outstanding prior attachments of record in an amount greater than the alleged assets held in this State may as a practical matter render such action futile, but as it has been pointed out the plaintiff is in no worse position, for a receiver would take the assets subject to these same liens.

The appointment of a receiver, therefore, is not warranted. The determination thus arrived at is based upon and necessarily limited to the record made upon this motion. Upon a showing that the Russo-Asiatic Bank is factually defunct without successor, a different conclusion may be appropriate. While it is true that the court has no inherent power to appoint a receiver of a foreign corporation in contradistinction to a receiver of its assets (*People* v. *Smith Co.*, 230 App. Div. 268, 274; *Reusens* v. *Manufacturing & Selling Co.*, 99 id. 214), its powers are not so limited that it may not afford appropriate relief in the premises. It is worthy of note that this court in the case of *Baranowsky Co., Ltd.*, v. *Guaranty Trust Co.* (156 Misc. 74 [per STEUER, J.]) has determined that assets of the Russo-Asiatic Bank, in excess of $1,000,000, are presently in the possession of the defendant bank. Creditors and stockholders of a defunct corporation have a real interest in its assets wherever they may be found, and the novelty of a situation in which a corporation has become defunct without any successor in interest would not necessarily tie the hands of the court and permit of the indefinite retention of those assets by custodians who might be found not entitled to them. It would serve no useful purpose at this time to explore these possibilities further, bearing in mind the conclusion reached on the facts as presented here.

Motion to vacate order of publication granted; motion for a stay granted. Cross-motion for the appointment of a receiver denied without prejudice. Settle order.