BERNARD M. DOUGLAS and Another, Suing on Their Own Behalf and on Behalf of All Other Persons Similarly Situated as Manufacturers of Roquefort Cheese, Plaintiffs, *v.* MOD-URN CHEESE PACKING COMPANY, INC., and Others, Defendants.

Supreme Court, Special Term, New York County, June 10, 1936.

*Frank, Weil & Strouse* [*Samuel F. Frank* of counsel], for the plaintiffs.

*Benjamin S. Shaw*, for the defendants.

COLLINS, J. As indicated on the trial, I am of the opinion that the plaintiff is entitled to the relief prayed for. To permit the defendants to continue to market its cheese as genuine Roquefort would not only be allowing them to enrich themselves at the plaintiff's expense, but it would be an imposition upon the cheese-purchasing public. A buyer of Roquefort cheese naturally assumes that he is receiving the cheese made in the Roquefort, France, district, in accordance with the peculiar process there employed. Thus, " Roquefort " has acquired a secondary meaning. No one should object to his product being sold on its own merits; he should be scrupulous not to mislead. The true ingredients of a product should be made known so that the public will be informed concerning the article it is getting. (*Coty, Inc.,* v. *Blume, Inc.,* 24 F. [2d] 924, 925.) A name or description should not be used if it misrepresents or misleads or tells a half-truth. (*Standard Oil Co.* v. *California Peach & Fig Growers,* 28 F. [2d] 283, 286.) To prevent fraud upon the public who do not make fine distinctions (*Bengue* v. *American Pharmaceutical Co., Inc.,* 155 Misc. 502), the defendants will be restrained (*McIlhenny Co.* v. *Bulliard,* 33 F. [2d] 978). Judgment for plaintiff. Findings and conclusions passed upon. Submit decision accordingly.