**COMMUNITY OF ROQUEFORT,** Societe Auxiliaire de L'Agriculture & de L'Industrie du Sud-Ouest de la France, Societe Anonyme des Caves et des Producteurs Reunis de Roquefort on Behalf of Self and All Others Similarly Situated, and Frenex Distributors, Inc., Plaintiffs,

v.

**WILLIAM FAEHNDRICH, INC.,**
Defendant.

United States District Court
S. D. New York.

Oct. 6, 1961.

Frank & Fredericks, New York City, for plaintiffs. Frank O. Fredericks and Lawrence W. Pollack, New York City, of counsel.

Bogart & Lonergan, Sommer & Sklar, New York City, for defendant. Murray I. Sommer and Leon Sklar, New York City, of counsel.

METZNER, District Judge.

Plaintiffs and defendant move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The complaint consists of four claims. The first claim alleges an infringement of the registered certification of the word "Roquefort" on cheese. Lanham Trade-Mark Act, § 4 (15 U.S.C.A. § 1054). The second claim alleges a violation of an international treaty (International Convention for the Protection of Industrial Property, dated March 20, 1883, as amended June 2, 1934, 53 Stat. 1748) as supplemented by the Lanham Trade-Mark Act of 1946, § 44 (15 U.S.C.A. § 1126). The third claim alleges acts of unfair competition. The fourth claim alleges a false and misleading designation of origin and description in violation of the Lanham Trade-Mark Act of 1946, § 43(a) (15 U.S.C.A. § 1125(a)). Plaintiffs have represented in their brief that if summary judgment is entered on the first claim they will withdraw the remaining claims set forth in the complaint.

Community of Roquefort, the only plaintiff concerned with the first claim, is a municipality organized under the laws of France. For centuries there has been produced and cured in the natural limestone caves in that municipality a sheep's milk blue-mold cheese. A French law adopted on July 26, 1925 prohibits the sale of this type of cheese under the name "Roquefort" unless the product is made within the Community of Roquefort and has received the certificate of the community. On March 10, 1953 the Community of Roquefort registered the certification mark "Roquefort", for cheese, on the principal trademark register in the United States Patent Office, pursuant to 15 U.S.C.A. § 1054. In 1960 the defendant imported into the United States a sheep's milk blue-mold cheese produced in Hungary and Italy. The labels on those products as prepared for sale to the public read "Imported Roquefort Cheese". The labels further state that the products are "Made from pure

sheeps milk only", but fail to indicate the country of origin.

Section 1054 of Title 15 provides that a municipality may register a certification mark indicating regional origin and that such certification mark is entitled to the same protection as trademarks. Section 1057(b) provides that a certificate of registration shall be prima facie evidence of the validity of the registration. This has been interpreted as meaning that

> "not only that the burden of going forward is upon the contestant of the registration but that there is a strong presumption of validity so that the party claiming invalidity has the burden of proof and in order to prevail it must put something more into the scales than the registrant." Aluminum Fabricating Co. of Pittsburgh v. Season-All W. Corp., 2 Cir., 1958, 259 F.2d 314, 316.

■■ Roquefort is the regional origin of plaintiff's cheese. It is not a generic term as contended by defendant. A generic term informs as to the nature or class of the product. 1 Nims, Unfair Competition & Trade-marks, 166 (4 Ed. 1947). For "Roquefort" to be generic, it must have been applied to sheep's milk blue-mold cheese wherever else produced. Defendant has failed to show any other place of manufacture of such a cheese where the product has been called "Roquefort". Sheep's milk blue-mold cheese has been produced in Israel, Tunisia, Hungary and Czechoslovakia. The Israeli product has been marketed in this country as "Garden of Eden—Heavenly Cheese—Sheep's Milk Blue Mold Cheese". This seems to be the only other sheep's milk blue-mold cheese sold in this country aside from such cheese produced in Roquefort, France. The Tunisian product has been marketed as "Bleu de Brebis". The very cheese which the defendant here has imported from Hungary is sold in Europe as "Merinofort". On this state of the record defendant has failed to show that "Roquefort" is a generic term and that

there is any possibility on a trial that he can raise an issue of fact in this regard.

It may be that over the years "Roquefort" as applied to cheese has acquired a secondary meaning, but this is of no help to the defendant since, if true, it would be another ground for defeating defendant's position. In fact, plaintiff, even prior to its registration of the name "Roquefort", has been diligent in protecting the property of its trademark. Douglas v. Newark Cheese Co., Inc., N.Y. County 1934, 153 Misc. 85, 274 N.Y.S. 406; Douglas v. Mod-Urn Cheese Packing Co., Inc., N.Y.County 1936, 161 Misc. 21, 290 N.Y.S. 368; Societe Anonyme v. Hillman's, D.C.N.D.Ill.1935, unreported; Societe Anonyme v. King Cole Stores, Inc., D.C.Conn.1935, unreported. In all of these cases the courts found that the word "Roquefort" has acquired a secondary meaning indicating a sheep's milk blue-mold cheese manufactured in the Community of Roquefort, France.

■ Normally, geographical names may not be the subject of a trademark. La Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 1946, 157 F.2d 115; Pillsbury-Washburn Flour Mills Co. v. Eagle, 7 Cir., 1898, 86 F. 608. The statute (15 U.S.C.A. § 1052(e)) provides that geographical names which are primarily descriptive are not registrable. However, this has not prevented an injunction from issuing on a complaint of a manufacturer producing in a locality, against a nonresident manufacturer using the geographical name. Pillsbury-Washburn Flour Mills Co. v. Eagle, supra; Grand Rapids Furniture Co. v. Grand Rapids Furniture Co., 7 Cir., 1942, 127 F.2d 245; California Fruit Canners' Ass'n v. Myer, C.C.D.Md.1899, 104 F. 82.

■ While the statute (§ 1052(e)) denies the use of a trademark which "is primarily geographically descriptive" it specifically exempts from that provision the "indications of regional origin * * registrable under section 1054 of this title, * * *." Plaintiff clearly comes within this exception.

Defendant's reference to the "Vichy" case is not apposite because of the delay

and failure of the parties in seeking to enforce the geographical designation. The French Republic v. Saratoga Vichy Spring Co., 1903, 191 U.S. 427, 436–437, 24 S.Ct. 145, 48 L.Ed. 247. In Bollinger v. Costa Brava Wine Co., 1 W.L.R. 227 (1961), the Chancery Division of the High Court of Justice held that "Champagne" refers to a wine produced in the Champagne region of France.

The standards of identity adopted by the Food and Drug Administration for sheep's milk blue-mold cheese are not helpful to the defendant. The very finding which states that such product may be known as Roquefort or sheep's milk blue-mold cheese, or blue-mold cheese from sheep's milk, states that no finding is made as to whether the name "Roquefort Cheese" has acquired or retained a secondary meaning. The fact that such product may be called Roquefort does not mean that the name is available to anyone who chooses to use it.

Defendant argues:

"To say that no one can use the word 'Roquefort' in describing the cheese is to say that no one can make Roquefort Cheese."

In the first place, anyone who makes sheep's milk blue-mold cheese in the Community of Roquefort can call it "Roquefort." In the second place, anyone can make sheep's milk blue-mold cheese and can market it under any name he sees fit except that if it is not made in the Community of Roquefort he may not call it "Roquefort Cheese". As noted above, other producers of sheep's milk blue-mold cheese have not been prevented from making their product because of an inability to call it "Roquefort".

Trademarks are valuable property rights. They usually result from and are contemporaneous with large expenditures of money to make the product which they identify acceptable to the general public. They should not be rendered invalid or useless with impunity.

Plaintiff's motion for summary judgment granted. Defendant's motion for summary judgment denied. Submit judgment.